UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUINSTREET, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARK FERGUSON d/b/a WHEW. COM, an individual,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES:<br><br>1) DEFAMATION<br>2) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS<br>3) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br><br>AND FOR INJUNCTIVE RELIEF<br><br>**JURY DEMANDED** |

Plaintiff QUINSTREET, INC., alleges on information and belief as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. At all times herein mentioned, plaintiff QUINSTREET, INC. ("QuinStreet") is a California corporation doing business in the State of California. QuinStreet maintains its principal place of business in San Mateo County, California.

2. At all times herein mentioned, defendant MARK FERGUSON dba WHEW.COM (collectively "Ferguson") is an individual residing in Pierce County, Washington.

COMPLAINT FOR DAMAGES - 1

3. Jurisdiction is proper pursuant to 28 U.S.C. §1332 because the parties to this action have diversity of citizenship and the amount in controversy exceeds $75,000.

4. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the acts complained of occurred in the Western District of Washington.

## GENERAL ALLEGATIONS

5. Plaintiff QuinStreet is an online marketing, media, and technology services company that connects targeted consumers with products and services that are most relevant and valuable to their lives. QuinStreet provides Internet marketing services for DeVry University and many other prominent clients. By valuing ethical online marketing practices that preserve brand integrity QuinStreet has become one of the largest online media and marketing companies in the world.

6. On July 27, 2007, defendant Ferguson filed a civil action in the United States District Court, Western District of Washington at Tacoma, Case No. C07-5378RJB, against various business entities including QuinStreet, alleging damages arising from violations of the Federal CAN-SPAM Act of 2003, 15 U.S.C. §7701 et seq., and the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.020, and the Washington State Consumer Protection Action ("CPA"), RCW 19.86. (hereinafter referred to as *"Ferguson v. Active Response Group, et. al."*)

7. On August 5, 2008, this Court granted QuinStreet's Motion for Summary Judgment and dismissed Ferguson's claims against QuinStreet in *Ferguson v. Active Response Group, et. al.* As the prevailing party, QuinStreet moved the Court for an award and judgment in the amount of reasonable attorneys' fees and costs pursuant to 15 U.S.C. §7706(g)(4) and RCW 19.190.090(3).

8. On or about August 23, 2008, defendant Ferguson began intentionally posting false and defamatory statements on his whew.com website and the Usenet group news.admin.net-

COMPLAINT FOR DAMAGES - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2332424.1

abuse.email bulletin board, that QuinStreet, through its counsel of record in *Ferguson v. Active Response Group, et. al.*, committed perjury, which is a felony, by lying to the Court during proceedings in that matter. Ferguson has stated that QuinStreet's counsel lied to the court and committed perjury and other wrongful acts in order to obtain a favorable result. Such false and libelous statements directly imply that QuinStreet directed its counsel to commit the alleged acts and/or that QuinStreet ratified such alleged acts. Ferguson's allegations are false, libelous per se, and intentionally and maliciously made so as to damage QuinStreet's reputation.

9. Ferguson falsely stated that plaintiff QuinStreet and its client, DeVry University, have been sending him spam for years and suggested that QuinStreet is responsible for sending him 25,000 to 35,000 spam per year and that Microsoft has also received spam from QuinStreet.

10. Ferguson also stated he intends to sue all of QuinStreet's clients, including DeVry University, and encourages others to sue QuinStreet and its clients based on false statements and misrepresentations made about QuinStreet, its clients, its counsel, and this Court.

11. Ferguson's statements were made intentionally and for the purpose of harming QuinStreet and its reputation and business relations.

12. On or about August 25, 2008, QuinStreet became aware of Ferguson's false and defamatory internet postings. Thereafter, QuinStreet, through counsel, sent a letter to Ferguson's counsel of record in *Ferguson v. Active Response Group, et. al.* demanding that Ferguson immediately take down the false and defamatory internet postings known and unknown by QuinStreet.

13. Ferguson refused and continues to refuse to stop publishing false and defamatory statements about QuinStreet to the public. In addition, Ferguson has published additional defamatory and false statements about QuinStreet to the public.

COMPLAINT FOR DAMAGES - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2332424.1

## FIRST CAUSE OF ACTION – DEFAMATION

14. Plaintiff hereby realleges and incorporates by reference Paragraphs 5 through 13, inclusive, as though fully set forth herein.

15. Defendant Ferguson's statements to third parties published on his website and Usenet account as alleged in Paragraphs 8 through 11 above, and incorporated herein, were unjustified, unprivileged, and libelous per se in that such statements were false and reasonably understood to impute to QuinStreet a lack of integrity, dishonesty, fraudulent and felonious conduct, and further injure QuinStreet in its occupation, profession, trade, and business, and have a natural tendency to adversely impact QuinStreet's reputation, goodwill and business profits.

16. As a direct, proximate, and foreseeable result of defendant Ferguson's conduct, QuinStreet suffered general damages and actual damages in an amount subject to proof at trial and at least $75,000.

17. Ferguson's conduct was fraudulent, intentional, malicious, oppressive, and in conscious disregard of QuinStreet's rights, and justifies an award of exemplary and punitive damages.

18. Ferguson's intentional and malicious conduct described above is a serious and continuing threat to QuinStreet's reputation, goodwill, and financial health. If Ferguson is allowed to continue his wrongful acts, QuinStreet will suffer further immediate and irreparable injury, loss, and damage. In the absence of a preliminary and permanent injunction, as prayed for below, Ferguson will continue to violate QuinStreet's rights by engaging in the conduct alleged above.

Wherefore, QuinStreet prays for damages and relief as set forth below.

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2332424.1

## SECOND CAUSE OF ACTION – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

19. Plaintiff hereby realleges and incorporates by reference Paragraphs 5 through 18, inclusive, as though fully set forth herein.

20. QuinStreet is an online marketing, media, and technology services company that has contracts with third parties to provide marketing services for some of the world's leading brands, including DeVry University, ADT Security Services, DISH Network, Sears, VNUS Medical Technologies, Inc., and Career Education Corporation.

21. Defendant was and is aware of these contracts between QuinStreet and the third parties and intentionally interfered with these contracts by making the statements as alleged in Paragraphs 8 through 11 above, and incorporated herein, in an attempt to induce a breach or disruption of the contractual relationships QuinStreet has developed and enjoys with its clients.

22. As a direct, proximate, and foreseeable result of defendant Ferguson's conduct, QuinStreet suffered harm in an amount subject to proof at trial and at least $75,000.

23. Ferguson's conduct was fraudulent, intentional, malicious, oppressive, and in conscious disregard of QuinStreet's rights, and justifies an award of exemplary and punitive damages.

25. Ferguson's malicious and intentional conduct as described above is a serious and continuing threat to QuinStreet's contractual relationships and financial health. If Ferguson is allowed to continue his wrongful acts, QuinStreet will suffer further immediate and irreparable injury, loss, and damage. In the absence of a preliminary and permanent injunction, as prayed for below, Ferguson will continue to violate QuinStreet's rights by engaging in the conduct alleged above.

Wherefore, QuinStreet prays for damages and relief as set forth below.

COMPLAINT FOR DAMAGES - 5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2332424.1

# THIRD CAUSE OF ACTION – INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

26. Plaintiff hereby realleges and incorporates by reference Paragraphs 5 through 25, inclusive, as though fully set forth herein.

27. Defendant Ferguson knew that QuinStreet had an economic relationship with third parties who contracted with QuinStreet to provide legal and ethical online marketing services that preserve brand integrity and whose future relationships with QuinStreet was an economic benefit or advantage to QuinStreet.

28. Ferguson intentionally interfered with these relationships by making the statements as alleged in Paragraphs 8 through 11 above, and incorporated herein, in an attempt to disrupt the economic relationship.

29. As a direct, proximate, and foreseeable result of defendant Ferguson's conduct, QuinStreet suffered harm in an amount subject to proof at trial and at least $75,000.

30. Ferguson's conduct was fraudulent, intentional, malicious, oppressive, and in conscious disregard of QuinStreet's rights, and justifies an award of exemplary and punitive damages.

31. Ferguson's malicious and intentional conduct as described above is a serious and continuing threat to QuinStreet's prospective economic relationships and financial health. If Ferguson is allowed to continue his wrongful acts, QuinStreet will suffer further immediate and irreparable injury, loss, and damage. In the absence of a preliminary and permanent injunction, as prayed for below, Ferguson will continue to violate QuinStreet's rights by engaging in the conduct alleged above.

Wherefore, QuinStreet prays for damages and relief as set forth below.

COMPLAINT FOR DAMAGES - 6

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2332424.1

# REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

(1) For an award of compensatory damages in an amount according to proof and in excess of $75,000;

(2) For an award of incidental and/or consequential damages according to proof and in excess of $75,000;

(3) For temporary, preliminary and permanent injunctive relief ordering Defendant Ferguson to:

- Remove all content currently on whew.com regarding or relating to QuinStreet, its counsel, or its clients and to permanently refrain from making any false or defamatory public statements on whew.com or any other medium regarding QuinStreet, its counsel, or its clients.
- Remove all posts on the news.admin.net-abuse.email bulletin board regarding or relating to QuinStreet, its counsel, or its clients and permanently refrain from making any false or defamatory public statements on news.admin.net-abuse.email bulletin board or any other medium regarding QuinStreet, its counsel, or its clients.
- Remove any other public statements that have yet to be discovered regarding or relating to QuinStreet, its counsel, or its clients and to permanently refrain from making any false or defamatory public statements through any medium regarding QuinStreet, its counsel, or its clients.

(4) For an award of exemplary and punitive damages in an amount appropriate to punish defendant Ferguson and deter others from engaging in similar conduct;

(5) For costs of suit incurred herein; and

COMPLAINT FOR DAMAGES - 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2332424.1

(6) For such other further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff QuinStreet demands a trial by jury for all issues so triable.

DATED this 29th day of August, 2008.

        s/John A. Knox, WSBA #12707
        Todd R. Sorensen, WSBA #35403
        Attorneys for Plaintiff QuinStreet, Inc.
        WILLIAMS, KASTNER & GIBBS PLLC
        601 Union Street, Suite 4100
        Seattle, WA 98101-2380
        Telephone: (206) 628-6600
        Fax: (206) 628-6611
        Email: jknox@williamskastner.com
        Email: tsorensen@williamskastner.com

COMPLAINT FOR DAMAGES - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2332424.1