1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| QUINSTREET, INC., a California corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MARK FERGUSON d/b/a/ WHEW.COM, an individual,<br><br>　　　　　　　Defendant. | Case No. C08-5525RJB<br><br>ORDER ON DEFENDANT'S MOTION TO EXTEND TIME FOR ANSWERS AND TO DISMISS WILLIAMS, KASTNER & GIBBS, PLLC, ROPERS, MAJESKI, KOHN, & BENTLY, JOHN A. KNOX, TODD SORENSON, AND STEPHAN A. BARBER AND ON QUINSTREET INC.'S MOTIONS FOR SANCTIONS AND PRELIMINARY INJUNCTION |

This matter comes before the Court on Defendant's Motion to Extend Time for Answers and to Dismiss Williams, Kastner & Gibbs, PLLC, Ropers, Majeski, Kohn, & Bentley, John A. Knox, Todd Sorenson, and Stephan A. Barber (Dkt. 7), QuinStreet Inc.'s Motion for Sanctions (Dkt. 12), and QuinStreet Inc.'s Motion for a Preliminary Injunction (Dkt. 8). This Court has considered the pleadings filed in support of and in opposition of the motions, and the remainder of the file herein.

ORDER
Page - 1

# I. FACTS

On August 29, 2008, QuinStreet, Inc. ("QuinStreet") filed the Complaint in this matter alleging that on or about August 23, 2008, Defendant began to post "false and defamatory statements on his whew.com website and the Usenet group news.admin.net-abuse.email bulletin board, alleging that QuinStreet, through its counsel of record in *Ferguson v. Active Response Group, et al.,* [Western District of Washington cause number 07-5378RJB] ("prior litigation") committed perjury, which is a felony, by lying to the Court during proceedings in that matter." Dkt. 1, at 2-3. QuinStreet alleges that Defendant falsely stated on these sites that "QuinStreet and its client, DeVry University have been sending him spam for years." *Id.,* at 3. QuinStreet further alleges that Defendant states "he intends to sue all of QuinStreet's clients including DeVry University, and encourages others to sue QuinStreeet and its clients based on false statements and misrepresentations made about QuinStreet, its clients, its counsel, and this Court." *Id.*

QuinStreet makes three claims: 1) defamation, 2) intentional interference with contractual relations, and 3) intentional interference with prospective economic advantage. *Id.*, at 4-6. It seeks monetary damages and injunctive relief. *Id, at 7.* The injunctive relief sought in the Complaint includes an order that Defendant:

> Remove all content currently on whew.com regarding or relating to QuinStreet, its counsel, or its clients and to permanently refrain from making any false or defamatory public statements on whew.com or any other medium regarding QuinStreet, its counsel, or its clients.
> Remove all posts on the news.admin.net-abuse.email bulletin board regarding or relating to QuinStreet, its counsel, or its clients and permanently refrain from making any false or defamatory public statements on news.admin.net-abuse.email bulletin board or any other medium regarding QuinStreet, its counsel, or its clients.
> Remove any other public statements that have yet to be discovered regarding or relating to QuinStreet, its counsel, or its clients and permanently refrain from making any false or defamatory public statements on any medium regarding QuinStreet, its counsel, or its clients.

*Id.*

Attorneys of record for QuinStreet in this matter are John A. Knox and Todd Sorenson of Williams, Kastner & Gibbs, PLLC. Dkt. 1.

Defendant, *pro se*, moves for the disqualification of Williams, Kastner & Gibbs, PLLC, Ropers Majeski, Kohn, & Bentley, John A. Knox, Todd Sorenson, and Stephan A. Barber as attorneys for QuinStreet in this matter and moves for more time to file an answer. Dkt. 7. Defendant states that he intends to "depose and/or call as witnesses all attorneys involved [in *Ferguson v. Active Response Group,*

ORDER
Page - 2

*et al.,* Western District of Washington cause number 07-5378RJB] to adequately prepare" his defense. *Id.,* at 7. Defendant alleges that the attorneys who represented QuinStreet in *Ferguson v. Active Response Group, et al.,* made false statements in their briefs and other pleadings. *Id.,* at 3. Defendant argues that due to the Washington Rules of Professional Conduct and the California Rules of Professional Conduct's provisions on lawyers as witnesses, these lawyers should be disqualified. *Id.*, at 4-6. Defendant also alleges that QuinStreet's lawyers in the prior litigation violated Rule 11 by making these false statements. *Id.,* at 6. Defendant asks for more time to file an answer to the Complaint until after the motion for disqualification is decided. *Id.*

QuinStreet files a Response, arguing that: 1) Defendant has failed to meet his burden of proof that disqualification is warranted, 2) QuinStreet's counsel are not necessary witnesses, and 3) even if he could take the attorneys' depositions despite assertions of attorney client privilege, any testimony would be limited to matters that are uncontested, formalities, or the nature of rendered legal services. Dkt. 12. QuinStreet moves for Fed. R. Civ. P. 11 sanctions arguing that Defendant is making this motion for the purposes of delay and to re-litigate the prior case. *Id.*

In keeping with the injunctive relief sought in the Complaint (discussed here on page 2, beginning at line 17),QuinStreet moves for a preliminary injunction ordering Defendant to remove the following statements from his whew.com website:

- Quinstreet is still spamming for DeVry University and now their attorney Stephan Barber compounds this with threats against me because he was caught lying to the court.
- In fact Barber, opposing counsel actually lied on a couple of occasions to the Court in his declarations to the court ...
- The Judge in *Ferguson v. Active Response Group* excused the use of fraudulent addresses by stating that 'It could have been a typo'. This was done without any prompting or input from the Quinstreet.
- With this type of blatant bias in the favor of the spammer, and then without a single Judge defining "adverse," and the two federal judges not wanting these "types of cases in their courts" there is no way that a company can stop spam.
- The spammer's attorney Steve Barber of RMK in California continues to lie to the court and the court does nothing.
- Steve Barber has to lie to defend his client and since the court is not holding his feet to the fire they are using his lies to they don't have to hear the case.
- He has lied to the judge about my deposition about what I said. This was easily shown to be false, yet the judge did nothing.
- So in the end I have a dishonest attorney Steve Barber that lies to defend his client Quinstreet, I have a judge that thinks these cases are something he doesn't want to hear and I have business slowly being ruined by so much spam that I am unable to mitigate the damages any further.
- Quinstreet is still spamming me for DeVry University, ...

ORDER
Page - 3

• I have many more spam from these clowns and have many more archived redirects back to Quinstreet but I needed a place to start for future reference. I mean, if Mr. Barber was going to fabricate my testimony what exactly did he want to depose me for?
• Second, the redirects proving this was Quinstreet spam. [Steve Barber] forgets to read his own Declarations for factual content and so does not find the multiple lies in Docket 66, below is one of those lies. I suspect I don't need to post the rest and this is only a single incident where Steve Barber lied to the court and directly wrote the exact opposite of what I said in my deposition.
• All Quinstreet spam .... Sad bastards. I will be collecting and archiving all their spam for my appeal.
• All these below are Quinstreet except of course devry-degrees.com which is [sic] course the client DeVry University.
• The truly sad thing is Kraft, Xerox, Quinstreet, Kaplan University [Washington Post], The Journal, and so many other fortune 500 and fortune 100 companies hire these spammers with knowledge of their actions.

Dkt. 8, at 4-5. QuinStreet moves the Court to order Defendant to remove the following statements on the news.admin.net-abuse.email bulletin board:

• We are now battling QuinStreet who is still spamming me after we started suing them. Their spam violates the CAN SPAM Act of 2003 but the judge figures they don't want to hear these types of cases and have made massive excuses for Quinstreet.
• These are asinine ruling and interpretations of the CAN SPAM Act and so we have decided to appeal the case. I have 1,500 spam right now that I can attribute to Quinstreet.
• Quinstreet is looking at about 1.5Mil in damages after this goes to the appeals court and I will be suing each one of their clients like DeVry University, Keller, University and so on. The next year will be spent identifying all their clients and making that information public so others can sue their clients and them.

*Id.*, at 5-6. QuinStreet further seeks an order enjoining Defendant from making the same or similar public statements pending the conclusion of this case. *Id.,* at 6.

QuinStreet argues that it is entitled to preliminary injunctive relief because: 1) it is likely to prevail on the merits of its defamation, intentional interference with contractual relations, and intentional interference with prospective economic advantage claims, 2) it will suffer irreparable harm if the relief is not granted, and 3) its injuries outweigh any effect a preliminary injunction would have on Defendant. *Id.*

Defendant files a Response and argues that QuinStreet's counsel in the prior litigation lied to the Court, and argues that all the statements he has posted about QuinStreet, its counsel and this litigation were true. Dkt. 16.

This opinion will first address Defendant's motion to disqualify Williams, Kastner & Gibbs, PLLC, Ropers, Majeski, Kohn, & Bentley, John A. Knox, Todd Sorenson, and Stephan A. Barber; second,

QuinStreet's motion for Fed. R. Civ. P. 11 sanctions; third, Defendant's motion for extension of time to file an answer; and lastly, QuinStreet's motion for preliminary injunction.

## II. DISCUSSION

### A. DEFENDANT'S MOTION FOR DISQUALIFICATION

The Court first refers to the local rules regulating the conduct of members of its bar in determining whether an attorney's representation of a particular client violates the attorney's ethical responsibilities. *Paul E. Iacono Structural Engineer, Inc. v. Humphrey,* 722 F.2d 435, 439 (9th Cir. 1983); *Avocent Redmond Corp. v. Rose Electronics,* 491 F. Supp. 2d 1000 (W.D.Wash. 2007). Local General Rule 2(e), "Standards of Professional Conduct," provides that:

> In order to maintain the effective administration of justice and the integrity of the Court, attorneys appearing in this District shall be familiar with and comply with the following materials ("Materials") (1) The Local Rules of this District, including the Local Rules that address attorney conduct and discipline; (2) the Washington Rules of Professional Conduct, as promulgated, amended and interpreted by the Washington State Supreme Court (the "RPC"), and the decisions of any court applicable thereto; ... In applying and construing these Materials, this Court may also consider the published decisions and formal and informal ethics opinions of the Washington State Bar Association, the Model Rules of Professional Conduct of the American Bar Association and Ethics Opinions issued pursuant to those Model Rules, and the decisional law of the state and federal courts.

Washington's Rule of Professional Conduct 3.7 provides:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case;
> (3) disqualification of the lawyer would work substantial hardship on the client; or
> (4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate.
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

The Ninth Circuit has cautioned that the cost of the tactical misuse of Professional Rules of Conduct such as Washington's Rule 3.7 is significant. *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,* 760 F.2d 1045, 1050 (9th Cir. 1985). Due to the potential for abuse, disqualification motions are subject to "particularly strict judicial scrutiny." *Id.* When interpreting Rule 3.7, Washington Courts are reluctant to disqualify an attorney absent compelling circumstances. *Pub. Util. Dist. No. 1 of Klickitat County v. Int'l Ins. Co.,* 124 Wash.2d 789, 812 (1994) (*citing Cottonwood Estates, Inc. v. Paradise Builders*, 128 Ariz. 99 (1981)). A motion for disqualification of an attorney under Washington's RPC 3.7 must be

supported by a showing that: (1) the attorney will give evidence material to the determination of the issues being litigated, (2) the evidence is unobtainable elsewhere, and (3) the testimony is or may be prejudicial to the testifying attorney's client. *Id.*

Defendant here, Mr. Ferguson, filed the prior litigation on July 27, 2007, alleging that Defendants' various emails violated the Federal CAN-SPAM Act, ("CAN-SPAM"), 15 U.S.C. § 7701, *et. seq.*, the Washington Commercial Electronic Mail Act, ("CEMA"), RCW 19.190.010-.070, and the Washington State Consumer Protection Act, ("CPA"), RCW 19.86. *Ferguson v. Active Response Group, et al.*, Western District of Washington cause number 07-5378RJB, Dkt. 1. QuinStreet's motion to summarily dismiss his claims against it was granted on August 5, 2008. Dkt. 73. Quinstreet was represented by Stephan A. Barber of Ropers, Majeski, Kohn & Bentley. *Id.*, at Dkt. 76, at 2. As Mr. Barber appeared *pro hac vice*, Quinstreet had local counsel, John A. Knox and Todd R. Sorensen of Williams, Kastner, and Gibbs. *Id.*, at 3.

Defendant's motion to disqualify the firm of Ropers, Majeski, Kohn, & Bentley, and attorney Stephan A. Barber should be denied. Stephan A. Barber and his firm of Ropers, Majeski, Kohn, & Bentley have not filed a notice of appearance on behalf of QuinStreet in this matter. They do not profess to represent it in this case, although they did represent it in the prior matter. The motion as to them should be denied.

Defendant's motion to disqualify the firm of Williams, Kastner, & Gibbs, PLLC, and attorneys John A. Knox, and Todd Sorenson should be denied. Defendant has failed to carry his burden on the relevant factors announced in *Pub. Util. Dist. No. 1 of Klickitat County (supra)* as set forth below:

   1. <u>Material Evidence</u>

Defendant does not show that any of the attorneys he seeks to disqualify will give evidence material to the determination of the issues being litigated. He alleges Mr. Barber's Declaration and pleadings in the prior litigation contained false statements. Dkt. 16. He argues that, as local counsel ,Mr. Knox and Mr. Sorenson should not have filed these false statements made by Mr. Barber. *Id.* He states that,

> Mr. Barber lied to the Court. The Court did not check the facts or the Deposition by Ferguson and did not know of the documents provided to Mr. Barber that in fact substantiated Ferguson's Deposition and statement that his client did not pay for her current hosting, to which Mr. Barber rewrote making the false statement that Ferguson stated Ferguson's client paid Ferguson's provider and not Ferguson; making it appear as if Ferguson was lying and that Jessica was in fact a client of Ferguson's provider.

ORDER
Page - 6

Dkt. 16, at 5. He has made no showing that these allegations are in any way related to the issues being litigated here. This Court's rulings in the prior litigation are on appeal. Moreover, he has not identified what evidence he seeks, or whether he could overcome the attorney client privilege issues QuinStreet raises. Defendant has not met his burden of proof on whether any of the attorneys he seeks to disqualify will give evidence material to the determination of the issues being litigated here.

### 2. Unobtainable Evidence

Defendant has not carried his burden of proof that the evidence he seeks from counsel is obtainable in no other manner. He argues that there are inaccuracies/lies in the characterization of his deposition testimony in the prior action. Dkt. 16. He does not show that an examination of the deposition testimony would not suffice.

### 3. Prejudicial Nature of Testimony to the Testifying Attorney's Client

Whether the attorney's testimony is or may become prejudicial to the testifying attorney's client is a factor to be considered when an attorney seeks to testify, not when an opposing party tries to force an attorney to testify. *See e.g. Cottonwood Estates supra*. In light of the fact that QuinStreet vigorously opposes this motion and any effort to force its counsel in this matter or counsel from the prior litigation to testify, this factor does not apply.

Defendant's motion to disqualify counsel should be denied.

### B. QUINSTREET'S FED. R. CIV. P. 11 MOTION FOR SANCTIONS

Fed. R. Civ. P. 11 (b) provides:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The standard governing both the "improper purpose" and "frivolous" inquiries is objective. *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). The subjective intent of the

1  movant is not relevant. *Id*. "The standard is reasonableness." *Id*. The reasonable person against which
2  conduct is tested is a competent attorney admitted to practice before the district court. *Id*.

3  QuinStreet moves for Rule 11 sanctions, arguing that Defendant's motion to disqualify them was an
4  attempt to delay the case and an improper attempt to re-litigate the prior litigation. Dkt. 12.

5  QuinStreet's motion for Rule 11 sanctions should be renoted for November 21, 2008. Defendant
6  does not in any manner address the motion. Defendant should be aware that pursuant to Local Fed. R.
7  Civ. P. 7 (b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by
8  the court as an admission that the motions has merit." Moreover, Defendant should be aware that under
9  Rule 11, after notice and an opportunity to be heard, the Court may impose monetary and nonmonetary
10 sanctions such that they "suffice to deter repetition of the conduct" which violates Rule 11. In an effort to
11 give all parties a full and fair chance to address the issue of whether Rule 11 sanctions should be ordered
12 against the Defendant, Defendant may file a response, if any, by November 17, 2008. QuinStreet may file a
13 reply, if any, by November 21, 2008.

14 **C.    DEFENDANT'S MOTION FOR EXTENSION OF TIME**

15 Fed. R. Civ. P. 6(b) permits the Court to grant an extension of time for good cause. Although he
16 has not specifically addressed the good cause requirement, Defendant's motion for an extension of time
17 should be granted. QuinStreet does not oppose a short extension. Dkt. 12, at 9. Accordingly,
18 Defendant's answer to QuinStreet's Complaint, if any, should be filed no later than November 17, 2008.

19 **D.    PRELIMINARY RESTRAINING ORDER**

20 In the Ninth Circuit, "[a] preliminary injunction is appropriate when a plaintiff demonstrates either:
21 (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious
22 questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor."
23 *The Lands Council v. McNair,* 537 F.3d 981, 987 (9th Cir. 2008) (*internal quotations omitted*)(*en banc*).
24 These two options represent the "extremes on a single continuum: the less certain the district court is of
25 the likelihood of success on the merits, the more plaintiffs must convince the district court that the public
26 interest and balance of hardships tip in their favor." *Id*. Alternatively, the Ninth Circuit has stated the
27 "general test as requiring a plaintiff to establish (1) a strong likelihood of success on the merits, (2) the
28 possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships

1  favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *The Lands Council v.*
2  *Martin,* 479 F.3d 636, 639 (9th Cir. 2007) (*internal quotations omitted*).

3      Neither party has adequately addressed the fourth factor, "advancement of the public interest" if the
4  requested relief is granted. *Martin* at 639. "Courts considering requests for preliminary injunctions have
5  consistently recognized the significant public interest in upholding First Amendment principles."
6  *Sammartano v. First Judicial District Court, in and for County of Carson City,* 303 F.3d 959, 973 (9th
7  Cir. 2002). The parties have not addressed the potential impact of the sort of sweeping injunctive relief
8  QuinStreet seeks, which may well be an inappropriate prior restraint on speech. *See Organization for a*
9  *Better Austin v. Keefe,* 402 U.S 415 (1971)(holding that preliminary injunction constituted an
10 impermissible prior restraint on speech in violation of the First Amendment). "No prior decisions support
11 the claim that the interest of an individual in being free from public criticism of his business practices in
12 pamphlets or leaflets warrants use of the injunctive power of a court." *Id.,* at 420. The parties should be
13 given an opportunity to brief the Court on this issue.

14     QuinStreet's Motion for a Preliminary Injunction should be renoted to November 28, 2008.
15 Defendant's supplemental responsive brief, of no more than 8 pages, if any, should be filed on or before
16 November 24, 2008. QuinStreet's supplemental reply brief, of no more than 8 pages, if any, should be
17 filed on or before November 28, 2008.

18     **III.    <u>ORDER</u>**

19 Therefore, it is hereby, **ORDERED** that:

20 •     Defendant's Motion Dismiss Williams, Kastner & Gibbs, PLLC, Ropers, Majeski, Kohn, &
21     Bentley, John A. Knox, Todd Sorenson, and Stephan A. Barber (Dkt. 7) is **DENIED**;
22 •     QuinStreet Inc.'s Motion for Rule 11 Sanctions (Dkt. 12) is **RENOTED** for November 21, 2008;
23     Defendant's response to the Motion for Sanctions, if any, **SHALL BE FILED** by November 17,
24     2008; QuinStreet Inc.'s reply, if any, **SHALL BE FILED** by November 21, 2008;
25 •     Defendant's Motion to Extend Time for Answers (Dkt. 7) is **GRANTED**; Defendant's Answer to
26     QuinStreet Inc.'s Complaint, if any, **SHALL BE FILED** by no later than November 17, 2008;
27 •     QuinStreet Inc.'s Motion for a Preliminary Injunction (Dkt. 8) is **RENOTED** to November 28,
28     2008; Defendant's supplemental response brief to the Motion for Preliminary Injunction, of no

Case 3:08-cv-05525-RJB    Document 17    Filed 11/10/2008    Page 10 of 10

more than 8 pages, if any, **SHALL BE FILED** on or before November 24, 2008; QuinStreet Inc.'s supplemental reply brief, of no more than 8 pages, if any, **SHALL BE FILED** on or before November 28, 2008;

- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 10th day of November, 2008.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER
Page - 10