UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUINSTREET, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARK FERGUSON d/b/a/ WHEW.COM, an individual,<br><br>Defendant. | Case No. C08-5525RJB<br><br>ORDER ON QUINSTREET INC.'S MOTION FOR SANCTIONS, DEFENDANT'S MOTION TO DISMISS COMPLAINT, AND QUINSTREET'S MOTIONS TO STRIKE OR FOR MORE DEFINITE STATEMENT |

This matter comes before the Court on QuinStreet Inc.'s Motion for Sanctions (Dkt. 12), Defendant's Motion Dismiss Complaint (Dkt. 13), QuinStreet Inc.'s Motion to Strike Portions of Reply to Response to Motion to Dismiss Complaint (Dkt. 22), and QuinStreet Inc.'s Motion to Strike Counterclaims or for a More Definite Statement (Dkt. 18). This Court has considered the pleadings filed in support of and in opposition to the motions, and the remainder of the file herein.

**I. FACTS**

The relevant facts are in this Court's November 11, 2008 Order on Defendant's Motion to Extend Time for Answers and to Dismiss Williams, Kastner & Gibbs, PLLC, Ropers, Majeski, Kohn, & Bentley,

ORDER
Page - 1

1 | John A. Knox, Todd Sorenson, and Stephan A. Barber and QuinStreet Inc.'s Motion for Sanctions and
2 | QuinStreet Inc.'s Motion for a Preliminary Injunction (Dkt. 17) ("November 11, 2008 Order"), and are
3 | adopted here by reference.

The November 11, 2008 Order denied Defendant's motion to disqualify counsel and renoted QuinStreet Inc.'s (QuinStreet") Motion for Sanctions (Dkt. 12) to November 21, 2008 to give the Defendant an opportunity to respond. Dkt. 17. QuinStreet moves for Fed. R. Civ. P. 11 sanctions arguing that Defendant made the motion to disqualify counsel for the purposes of delay and to re-litigate the prior case. Dkt. 12.

Defendant responds, and states that his motion to disqualify was reasonable because his "entire defense in this lawsuit turns on the question of whether Plaintiff's attorneys were truthful in the factual representations they made to this Court in a prior lawsuit." Dkt. 20, at 1. He argues that sanctions are not warranted. *Id.*

QuinStreet replies, arguing that it is not seeking monetary sanctions against Defendant. Dkt. 21. It is requesting the Court "admonish Defendant from repeatedly making unwarranted and unsubstantiated allegations that QuinStreet's counsel are guilty of serious misconduct in future pleadings." *Id.* at 1.

Defendant has filed a pleading entitled "Motion to Dismiss Complaint and Counterclaim and Complaint for Damages." Dkt. 13. Defendant states that pursuant to Fed. R. Civ. P. 12 (b)(6), he moves this Court to dismiss QuinStreet's Complaint and to award damages of $10,000,000.00 for unlawful acts by QuinStreet. *Id.* This pleading contains headings which include: Nature of Action, Jurisdiction, Parties, Factual Background, and Law and Argument. *Id*. It is unclear whether Defendant intends this pleading to be an answer to the complaint and counterclaims, a motion, or a combination of the two.

QuinStreet responds and indicates that it is unsure how to respond to the "Motion to Dismiss Complaint and Counterclaim and Complaint for Damages." Dkt. 18. It then goes on to argue that no showing has been made for dismissal of the Complaint under Fed. R. Civ. P. 12 (b)(6). *Id.* To the extent that the pleading is not an answer, QuinStreet moves to strike the counterclaim for damages as untimely. *Id.* To the extent that the pleading is intended to be an answer to the complaint and counterclaim, QuinStreet moves for a more definite statement. *Id.*

Defendant replies, and argues that QuinStreet's case should be dismissed even if all their claims are

true because Defendant reported their spam to their provider, QuinStreet, the Court, and then the general public by posting it on one of Defendant's websites. Dkt. 19. Defendant argues that he is protected various federal and state statutes, including the CAN-SPAM Act, ("CAN-SPAM"), 15 U.S.C. § 7701, *et. seq.*, the Washington Commercial Electronic Mail Act ("CEMA") and the Washington State Consumer Protection Act ("CPA"). *Id.*

QuinStreet filed a surreply pursuant to Local Fed. R. Civ. 7(g) requesting that portions of Defendant's reply to the response to the Motion to Dismiss be stricken. Dkt. 22.

This opinion will first address QuinStreet's Motion for Sanctions (Dkt. 12), then Defendant's Motion to Dismiss the Complaint (Dkt. 13), then QuinStreet's motion to strike portions of the reply to the response to the Motion to Dismiss (Dkt. 22), and then QuinStreet's motion to strike the counterclaims, or in the alternative, a motion for a more definite statement (Dkt. 19).

## II. DISCUSSION

### A. QUINSTREET'S FED. R. CIV. P. 11 MOTION FOR SANCTIONS

Fed. R. Civ. P. 11 (b) provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The standard governing both the "improper purpose" and "frivolous" inquiries is objective. *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). The subjective intent of the movant is not relevant. *Id*. "The standard is reasonableness." *Id.* The reasonable person against which conduct is tested is a competent attorney admitted to practice before the district court. *Id.*

QuinStreet moves for Rule 11 sanctions, arguing that Defendant's motion to disqualify counsel was an attempt to delay the case and an improper attempt to re-litigate the prior litigation. Dkt. 12. QuinStreet has not made a sufficient showing that the motion to disqualify them was for an improper purpose or

1 wholly frivolous. QuinStreet's motion for Rule 11 sanctions should be denied. However, Defendant is
2 hereby cautioned that he should be prepared to show evidentiary support for any contentions he makes.
3 Parties are urged to exercise civility in their dealings with one another and use restraint in the manner in
4 which they refer to one another in the pleadings.

### B. DEFENDANT'S MOTION FOR DISMISSAL

#### 1. Standard for Motion to Dismiss

A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-1969 (May 21, 2007) (*internal citations omitted*). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d at 1300. If the claim is not based on a proper legal theory, the claim should be dismissed. *Id.*

#### 2. Defendant's Motion to Dismiss QuinStreet's Complaint

Defendant's Motion to Dismiss the Complaint (Dkt. 13) should be denied. QuinStreet makes three claims in this lawsuit: 1) defamation, 2) intentional interference with contractual relations, and 3) intentional interference with prospective economic advantage. Dkt. 1, at 4-6. Defendant's motion fails to make any argument regarding these claims, much less a showing that dismissal under Rule 12 (b)(6) is proper here.

Defendant argues that he has immunity for reporting objectionable material under the "Good

ORDER
Page - 4

Samaritan" provisions of 47 U.S.C. § 230. Dkts. 13 and 19. The provision of 47 U.S.C. § 230 that Defendant cites protects interactive computer service providers from liability for blocking offensive material. 47 U.S.C. § 230(c)(2). That is material that the provider considers "obscene, lewd, lascivious, filthy, excessively violent, harassing or otherwise objectionable whether or not such material is constitutionally protected." *Id.* Defendant makes no showing that this statute provides a basis upon which to dismiss QuinStreet's claims. Defendant further argues that CAN-SPAM required QuinStreet to cease sending spam upon his request. Dkts. 13 and 19 (*citing* 15 U.S.C. § 7701). Defendant argues that Washington state has laws governing deceptive email marketing. *Id.* (*citing* CEMA, RCW 19.190.020). Defendant makes no showing that either of the cited provisions of CAN-SPAM or CEMA provide a basis to dismiss QuinStreet's claims or that QuinStreet can prove no set of facts to support these claims that would entitle it to relief. *Keniston* at 1300. Accordingly, Defendant's Motion to Dismiss the Complaint (Dkt. 13) should be denied.

### 3. <u>QuinStreet's Motion to Strike Materials in Reply to Response to Motion to Dismiss Complaint</u>

A movant may not raise new facts or arguments in his reply brief. *United States v. Puerta*, 982 F.2d 1297, 1300 n. 1 (9th Cir. 1992). Pursuant to Local Fed. R. Civ. P. 7 (g) (permitting motions to strike in a surreply), QuinStreet moves to strike new material contained in Defendant's reply including the last three paragraphs of page two and page 3, lines 8-18. These lines contain new facts and should be stricken.

QuinStreet also properly points out that Defendant cites provisions of CEMA and (by reference the CPA) that appear for the first time in the reply. The first new provision of CEMA cited by Defendant provides that it is a violation of the CPA to violate CEMA, and the second new provision of CEMA cited is the damages portion of the statute. Dkt. 19, at 4-5 (*citing* RCW §§ 19.190.030 and 19.190.040). These citations do not appear relevant to the Motion to Dismiss the Complaint and are newly raised and should be stricken. The third statute QuinStreet argues is improperly raised in the reply is CAN-SPAM's preemption provision. Dkt. 19, at 5 (*citing* 15 U.S.C. § 7707(b)(1)). It also is of limited relevance in the instant motion, is newly raised and should be stricken.

QuinStreet moves to strike Exhibits E and F to Defendant's supporting documentation to the reply. These materials contain new facts and should be stricken. QuinStreet's Motion to Strike Materials Contained in the Reply (Dkt. 22) should be granted.

### C. QUINSTREET'S MOTION TO STRIKE DKT. 13 OR MOTION FOR A MORE DEFINITE STATEMENT

Under Fed. R. Civ. P. 8(a)(2), a pleading which sets for a claims for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." QuinStreet accurately points out that it is difficult to determine the exact nature of the pleading entitled "Motion to Dismiss Complaint and Counterclaim and Complaint for Damages." Dkt. 18, at 4 (*citing* Dkt. 13). It appears to be a motion to dismiss the Complaint and an answer to the Complaint and counterclaim for damages. To the extent that it is an answer and counterclaim for damages, QuinStreet's motion for a more definite statement is granted. Defendant should be given until December 5, 2008 to file a more definite statement, if any he has, in accord with Rule 8. QuinStreet's motion to strike should be denied, in order to give Defendant an opportunity to clarify his pleadings, if he so chooses.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- QuinStreet Inc.'s Motion for Rule 11 Sanctions (Dkt. 12) is **DENIED**;
- Defendant's Motion to Dismiss Complaint (Dkt. 13) is **DENIED**;
- QuinStreet Inc.'s Motion to Strike Materials in Reply to Response to Motion to Dismiss Complaint (Dkt. 22) is **GRANTED;**
- QuinStreet Inc.'s Motion for a More Definite Statement (Dkt. 18) is **GRANTED**; Defendant's more definite answer to the Complaint, if any, **SHALL BE FILED** by no later than December 5, 2008; and
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 25th day of November, 2008.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge