UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUINSTREET, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARK FERGUSON d/b/a/ WHEW.COM, an individual,<br><br>Defendant. | Case No. C08-5525RJB<br><br>ORDER ON QUINSTREET INC.'S MOTION FOR PRELIMINARY INJUNCTION AND VARIOUS OTHER MOTIONS BY DEFENDANT |

This matter comes before the Court on QuinStreet Inc.'s Motion for a Preliminary Injunction (Dkt. 8), Defendant's Motion to Strike Defendant's Response to Request for Preliminary Injunction (Dkt. 28), Defendant's Motion for Reconsideration of the Court's Order Granting Motion to Strike (Dkt. 27), and Defendant's Motion to Strike materials submitted in favor of a motion for sanctions (Dkt. 29). The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file herein.

## I. **FACTS**

The relevant facts are in this Court's November 11, 2008, Order on Defendant's Motion to Extend Time for Answers and to Dismiss Williams, Kastner & Gibbs, PLLC, Ropers, Majeski, Kohn, & Bentley, John A. Knox, Todd Sorenson, and Stephan A. Barber, on QuinStreet Inc.'s Motion for Sanctions and on QuinStreet Inc.'s Motion for a Preliminary Injunction (Dkt. 17) ("November 11, 2008, Order"), and are adopted here by reference.

Although this case is in the early stages of litigation, there have been several motions, so for the sake of clarity, in so far as it is possible, this Opinion will refer to documents in the record by either their caption name or by their docket number.

In any event, the November 11, 2008, Order denied Defendant's motion to disqualify counsel and QuinStreet Inc.'s (QuinStreet") Motion for Sanctions (Dkt. 12) was denied on November 25, 2008. Dkts. 17 and 23. QuinStreet's Motion for a Preliminary Injunction was renoted for November 28, 2008 to give parties an opportunity to fully brief the question of whether the requested preliminary injunction would constitute an impermissible prior restraint on speech in violation of the First Amendment. Dkt. 17.

To review, QuinStreet's Motion for a Preliminary Injunction requests an order directing Defendant remove the following statements from his whew.com website:

- Quinstreet is still spamming for DeVry University and now their attorney Stephan Barber compounds this with threats against me because he was caught lying to the court.
- In fact Barber, opposing counsel actually lied on a couple of occasions to the Court in his declarations to the court ...
- The Judge in *Ferguson v. Active Response Group* excused the use of fraudulent addresses by stating that "It could have been a typo." This was done without any prompting or input from the Quinstreet.
- With this type of blatant bias in the favor of the spammer, and then without a single Judge defining "adverse," and the two federal judges not wanting these "types of cases in their courts" there is no way that a company can stop spam.
- The spammer's attorney Steve Barber of RMK in California continues to lie to the court and the court does nothing.
- Steve Barber has to lie to defend his client and since the court is not holding his feet to the fire they are using his lies to they don't have to hear the case.
- He has lied to the judge about my deposition about what I said. This was easily shown to be false, yet the judge did nothing.
- So in the end I have a dishonest attorney Steve Barber that lies to defend his client Quinstreet, I have a judge that thinks these cases are something he doesn't want to hear and I have business slowly being ruined by so much spam that I am unable to mitigate the damages any further.
- Quinstreet is still spamming me for DeVry University, ...
- I have many more spam from these clowns and have many more archived redirects back to Quinstreet but I needed a place to start for future reference. I mean, if Mr. Barber was going to fabricate my testimony what exactly did he want to depose me for?
- Second, the redirects proving this was Quinstreet spam. [Steve Barber] forgets to read his own Declarations for factual content and so does not find the multiple lies in Docket 66, below is one of those lies. I suspect I don't need to post the rest and this is only a single incident where Steve Barber lied to the court and directly wrote the exact opposite of what I said in my deposition.
- All Quinstreet spam .... Sad bastards. I will be collecting and archiving all their spam for my appeal.
- All these below are Quinstreet except of course devry-degrees.com which is [sic] course the client DeVry University.

•         The truly sad thing is Kraft, Xerox, Quinstreet, Kaplan University [Washington Post], The Journal, and so many other fortune 500 and fortune 100 companies hire these spammers with knowledge of their actions.

Dkt. 8, at 4-5. The record submitted by QuinStreet indicates that several of the statements at issue here appeared, at least at one time, on the whew.com website, which Defendant is advertising for sale. Dkt. 9-2, at 22. Such statements include: "[t]his domain is for sale now [a]s a direct result of spam and the recent rulings where IAS/ISPs are not allowed to sue spammers to get them to stop. (See Gordon v. Vurtumundo and Ferguson v. Active Response Group)." *Id.*

QuinStreet moves the Court to order Defendant to remove the following statements on the news.admin.net-abuse.email bulletin board:

•         We are now battling QuinStreet who is still spamming me after we started suing them. Their spam violates the CAN SPAM Act of 2003 but the judge figures they don't want to hear these types of cases and have made massive excuses for Quinstreet.
•         These are asinine ruling [sic] and interpretations of the CAN SPAM Act and so we have decided to appeal the case. I have 1,500 spam right now that I can attribute to Quinstreet.
•         Quinstreet is looking at about 1.5Mil [sic] in damages after this goes to the appeals court and I will be suing each one of their clients like DeVry University, Keller, University and so on. The next year will be spent identifying all their clients and making that information public so others can sue their clients and them.

*Id.*, at 5-6. QuinStreet further seeks an order enjoining Defendant from making the same or similar public statements pending the conclusion of this case. *Id.,* at 6. Dkt. 17.

Pursuant to the November 11, 2008, Order permitting further briefing on the First Amendment issue, QuinStreet files a Supplemental Reply, arguing that: 1) the First Amendment offers no protection for false or deceptive commercial speech, 2) the statements at issue here were commercial speech because they were part of Defendant's advertisement for the sale of his whew.com domain name, 3) these "patently false and deceptive statements" were designed to mislead the public for Defendant's private financial gain. Dkt. 24.

On December 1, 2008, Defendant filed several pleadings, including "Defendant's Motion to Strike Defendant's Response to Request for Preliminary Injunction" in which Defendant moves to strike Dkt. 16 (which was his response to QuinStreet's Motion for a Preliminary Injunction) or, in the alternative, he requests more time to "allow Defendant to file the missing exhibits in support of Defendant's Response to

QuinStreet's Motion for Preliminary Injunction." Dkt. 28, at 1-2. Defendant does not identify to which "missing exhibits" he refers. *Id.*

Defendant filed a pleading entitled "Defendant's Opposition to Plaintiff's Motion to Dismiss Defendant's Opposition to QuinStreet, Inc's Motion for Preliminary Injunction." Dkt. 25. This pleading appears to refer to QuinStreet's October 31, 2008, Reply which cites Local Fed. R. Civ. P. 7(b)(2) (failure to respond to a motion may result in the Court inferring that the motion has merit). Dkt. 15. Defendant filed an untimely Response to the Motion for Preliminary Injunction six days later. Dkt. 16. Although Defendant appears to argue otherwise, QuinStreet did not make a motion to strike in the Reply. Dkt. 15. In any event, in this pleading, Defendant again requests that the Court strike his Response to the motion for Preliminary Injunction (Dkt. 16) as "a defective motion or an '*ineffectual pleading.*'" Dkt. 25, at 2.

Defendant filed "Defendant's Response in Opposition of QuinStreet Inc.'s Surreply to Defendant's Reply Regarding Motion to Dismiss Complaint." Dkt. 27. Although the nature of this pleading is less than clear, the Court shall construe it, as a motion for reconsideration of the order granting the motion to strike materials submitted in the reply filed in favor of Defendant's Motion to Strike the Complaint (Dkt. 23).

Defendant also files, on December 1, 2008, a pleading entitled "Defendant's Surreply to QuinStreet Inc.'s Reply to Defendant's Opposition to QuinStreet Inc.'s Motion for Rule 11 Sanctions." Dkt. 29. Defendant moves that certain materials in QuinStreet's Reply to the Motion for Sanctions be stricken. *Id.*

This opinion will first address QuinStreet's Motion for a Preliminary Injunction (Dkt. 8), then Defendant's various motions (Dkts. 27-29).

## II. DISCUSSION

### A. QUINSTREET'S MOTION FOR A PRELIMINARY INJUNCTION

In the Ninth Circuit, "[a] preliminary injunction is appropriate when a plaintiff demonstrates either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *The Lands Council v. McNair,* 537 F.3d 981, 987 (9th Cir. 2008) (*internal quotations omitted*)(*en banc*). These two options represent the "extremes on a single continuum: the less certain the district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public

interest and balance of hardships tip in their favor." *Id.* Alternatively, the Ninth Circuit has stated the "general test as requiring a plaintiff to establish (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *The Lands Council v. Martin,* 479 F.3d 636, 639 (9th Cir. 2007) (*internal quotations omitted*).

QuinStreet's Motion for a Preliminary Injunction should be denied without prejudice. Although it is not clear at this early stage, QuinStreet may succeed on the merits. It has, however, failed to make an adequate showing on the second factor, the possibility of irreparable injury if preliminary relief is not granted. It has not shown that monetary compensation will not adequately compensate it for any damage it has suffered. Moreover, the third factor, the balance of hardships, do not tip strongly in its favor in light of the fourth factor, the "advancement of the public interest" if the requested relief is granted.

As to the fourth factor, "advancement of the public interest," "[c]ourts considering requests for preliminary injunctions have consistently recognized the significant public interest in upholding First Amendment principles." *Sammartano v. First Judicial District Court, in and for County of Carson City,* 303 F.3d 959, 973 (9th Cir. 2002). There is a heavy presumption against the constitutional validity of a prior restraint on expression, such as the one QuinStreet seeks here. *Organization for a Better Austin v. Keefe,* 402 U.S 415, 419(1971)(holding that preliminary injunction constituted an impermissible prior restraint on speech in violation of the First Amendment).

QuinStreet argues that the public interest in upholding First Amendment principles is not significantly impacted because the speech at issue is commercial speech, and so entitled to only limited protection. Dkt. 24. "Purely commercial speech is speech which does no more than propose a commercial transaction." *White v. City of Sparks,* 500 F.3d 953, 956 (9th Cir. 2008)(*internal citations omitted*). Here, not all of the speech "proposes a commercial transaction." Indeed, a majority of the statements criticize this Court, the Court's rulings, and other court's rulings. Speech protesting government action is presumptively valid, and entitled to special First Amendment protection. *Long Beach Area Peace Network v. City of Long Beach,* 522 F.3d 1010, 1020 (9th Cir. 2008). No showing has been made that the "Court-critical" speech here is not entitled to protection as a criticism of governmental action. More troubling are the accusations that QuinStreet and QuinStreet's lawyers were not truthful in prior litigation. Defendant is

reminded, that to the extent that these postings are commercial speech, (that is speech intended to motivate a buyer to buy the domain name), "pure commercial speech can be enjoined to the extent that it is fraudulent." *Central Hudson Gas & Electric v. Public Serv. Comm'n,* 447 U.S. 557, 563-64 (1980). Discovery is in the early stages and it has not yet been shown which statements, if any, are fraudulent.

In any event, at this stage in the litigation, QuinStreet has not overcome the strong presumption that the prior restraint on expression it seeks here is unconstitutional. "No prior decisions support the claim that the interest of an individual in being free from public criticism of his business practices in pamphlets or leaflets warrants use of the injunctive power of a court." *Organization for a Better Austin,* at 420. QuinStreet's Motion for Preliminary Injunction should be denied without prejudice.

Additionally, there are references in the record to Defendant's willingness to remove the statements at issue, (although he denies that they exist) potentially rendering the motion for preliminary injunction moot. Dkt. 29, at 5.

**B.      DEFENDANT'S VARIOUS MOTIONS**

1.      <u>Defendant's Motion to Strike Dkt. 16, or, in the Alternative, for More Time</u>

Defendant's Motion to strike his own Response to the Motion for Sanctions (Dkt. 28) should be granted. QuinStreet's Motion for a Preliminary injunction was denied without prejudice, and so no prejudice to Defendant would result. Defendant's motion to strike his own pleading should be granted.

2.      <u>Defendant's Motion for Reconsideration</u>

Western District of Washington Local R. Civ. P. 7(h) provides in relevant part as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

"Defendant's Response in Opposition of QuinStreet Inc.'s Surreply to Defendant's Reply Regarding Motion to Dismiss Complaint," (Dkt. 27) construed here as a motion for reconsideration of the order granting the motion to strike materials submitted in the reply filed in favor of Defendant's Motion to Strike the Complaint (Dkt. 23), should be denied. Defendant has not shown manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Defendant's motion for reconsideration (Dkt. 27), to the extent that he makes one, should be denied.

3. <u>Defendant's Motion to Strike QuinStreet's Reply on the Motion for Sanctions</u>

Defendant's motion to strike certain materials in QuinStreet's Reply to the Motion for Sanctions should be denied as moot. Dkt. 29. The Motion for Sanctions was denied on November 25, 2008. Dkt. 23 Defendant's motion is untimely and moot.

## III. <u>ORDER</u>

Therefore, it is hereby, **ORDERED** that:

- QuinStreet Inc.'s Motion for Preliminary Injunction (Dkt. 8) is **DENIED WITHOUT PREJUDICE**;
- Defendant's Motion to Strike Defendant's Response to Request for Preliminary Injunction (Dkt. 28) is **GRANTED**;
- Defendant's Motion for Reconsideration of the Court's Order Granting Motion to Strike (Dkt. 27) is **DENIED**; the Court's Order Granting the Motion to Strike (Dkt. 23) is **AFFIRMED**;
- Defendant's Motion to Strike materials submitted in favor of a motion for sanctions (Dkt. 29) is **DENIED AS MOOT**; and
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of December, 2008.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge