UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUINSTREET, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARK FERGUSON d/b/a/ WHEW.COM, an individual,<br><br>Defendant. | Case No. C08-5525RJB<br><br>ORDER ON QUINSTREET INC.'S MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT, MOTION TO STRIKE AND VARIOUS OTHER MOTIONS BY DEFENDANT |

This matter comes before the Court on QuinStreet Inc.'s ("QuinStreet) Motion to Dismiss Defendant's Counterclaim, Motion for a More Definite Statement, and Motion to Strike (Dkt. 33), Defendant Ferguson's Motion for Summary Judgment (Dkt. 34), Defendant's Motion to Strike Counterdefendant's Motion to Dismiss Counterclaim (Dkt. 35), and Defendant's Motion to Strike Defendant's Motion for Summary Judgment (Dkt. 36). The Court has considered the pleadings filed in support of and in opposition to these motions, and the remainder of the file herein.

## I. FACTS

On July 27, 2007, Ferguson, Defendant here, filed a case against QuinStreet, alleging that, beginning around October 2006, QuinStreet's various emails violated the Federal CAN-SPAM Act, ("CAN-SPAM"), 15 U.S.C. § 7701, *et. seq.*, the Washington Commercial Electronic Mail Act, ("CEMA"), RCW 19.190.010-.070, and the Washington State Consumer Protection Act, ("CPA"), RCW 19.86. *Ferguson v. Active Response Group, et al.,* Western District of Washington cause number 07-5378RJB

ORDER
Page - 1

("prior litigation"). On August 5, 2008, this Court dismissed Ferguson's claims in the prior litigation. Dkt. 73 of 07-5378RJB. Ferguson filed a Notice of Appeal in that case with the Ninth Circuit Court of Appeals on August 27, 2008. Dkt. 79 of 07-5378RJB.

On August 29, 2008, QuinStreet filed the Complaint in this matter alleging that on or about August 23, 2008, Ferguson began to post "false and defamatory statements on his whew.com website and the Usenet group news.admin.net-abuse.email bulletin board, alleging that QuinStreet, through its counsel of record in [the prior litigation] committed perjury, which is a felony, by lying to the Court during proceedings in that matter." Dkt. 1, at 2-3. QuinStreet alleges that Ferguson falsely stated on these web sites that "QuinStreet and its client, DeVry University have been sending him spam for years." *Id.,* at 3. QuinStreet further alleges that Ferguson states "he intends to sue all of QuinStreet's clients including DeVry University, and encourages others to sue QuinStreeet and its clients based on false statements and misrepresentations made about QuinStreet, its clients, its counsel, and this Court." *Id.*

QuinStreet makes three claims: 1) defamation, 2) intentional interference with contractual relations, and 3) intentional interference with prospective economic advantage. *Id.*, at 4-6. It seeks monetary damages and injunctive relief. *Id, at 7.* The injunctive relief sought includes an order that Ferguson:

> Remove all content currently on whew.com regarding or relating to QuinStreet, its counsel, or its clients and to permanently refrain from making any false or defamatory public statements on whew.com or any other medium regarding QuinStreet, its counsel, or its clients.
> Remove all posts on the news.admin.net-abuse.email bulletin board regarding or relating to QuinStreet, its counsel, or its clients and permanently refrain from making any false or defamatory public statements on news.admin.net-abuse.email bulletin board or any other medium regarding QuinStreet, its counsel, or its clients.
> Remove any other public statements that have yet to be discovered regarding or relating to QuinStreet, its counsel, or its clients and permanently refrain from making any false or defamatory public statements on any medium regarding QuinStreet, its counsel, or its clients.

*Id.*

Although this case is in the early stages of litigation, there have been several motions, so for the sake of clarity, in so far as it is possible, this Opinion will refer to documents in the record by either their caption name or by their docket number.

On October 27, 2008, Ferguson, acting *pro se*, filed a pleading entitled "Motion to Dismiss Complaint and Counterclaim and Complaint for Damages." Dkt. 13. On November 25, 2008, QuinStreet's motion for a more definite statement regarding Ferguson's "Motion to Dismiss Complaint and

Counterclaim and Complaint for Damages" was granted. Dkt. 23. Ferguson was ordered to file a more definite answer to the Complaint, if any, by no later than December 5, 2008. *Id*. Ferguson filed "Answers to QuinStreet Inc.'s Complaint" on December 1, 2008. Dkt. 26. He also filed a pleading entitled "Counterclaim for Damages" on December 1, 2008. Dkt. 26-2. In Ferguson's pleading, "Counterclaim for Damages" he alleges that "during the time period of approximately October 2006 through present, Plaintiffs [Ferguson] received at the Email Addresses numerous electronic-mail messages sent and/or initiated by or on behalf of Defendants [QuinStreet]." Dkt. 26-2, at 3. He alleges that:

> Each of the Emails intentionally misrepresents and or obscures any and all information that could be used in identifying the point of origin or the transmission path thereof, contains header information that is materially false or materially misleading, fails to include, or contain a valid physical address in the body of the email or contains up to three addresses none of which identify the sender clearly and or conspicuously, fails to adequately identify the Emails as a commercial solicitation, each domain entered in to the email intentionally uses a falsely registered or cloaked domain, each domain and or Emails fails to accurately identify the actual sender of the Emails in the "From" name line and or "Return Path" and or body; and/or was sent to and received a the Recipient Addresses subsequent to notice provided to Defendants [QuinStreet] to cease and desist unsolicited, unwanted, unlawful, and harassing Email.

Dkt. 26-2, at 4. Ferguson asserts counterclaims under 1) Washington's CEMA, RCW 19.190.010-.070, and 2) Washington's CPA, RCW 19.86. *Id.*

On December 19, 2008, QuinStreet filed a motion to dismiss Ferguson's counterclaims, a motion for a more definite statement and a motion to strike. Dkt. 33. QuinStreet argues that: 1) the Court has authority to dismiss Ferguson's counterclaims pursuant to Fed. R. Civ. P. 12(b)(6), 2) Ferguson's claims arising prior to August 5, 2008, are barred by *res judicata*, 3) this Court does not have jurisdiction to decide Ferguson's counterclaims, 4) because they allege fraud, Ferguson's counterclaims arising after August 5, 2008, must be plead with particularity, accordingly, QuinStreet moves for dismissal or for a more definite statement of Ferguson's counterclaims, and 5) QuinStreet moves to strike improper statements in the counterclaims. Dkt. 33.

Ferguson responds, arguing that: 1) pursuant to Fed. R. Civ. P. 12 (a)(4)(B), QuinStreet failed to timely respond to his counterclaim and therefore the Motion to Dismiss his counterclaims should be stricken, 2) the Court only reviewed 9 of 10,000 emails in the prior litigation and so neither *res judicata* nor *collateral estoppel* apply to his counterclaim. Dkts. 35, and 38. Ferguson then requests several forms of relief, including: 1) striking QuinStreet's answers, 2) entering a default judgment against QuinStreet, 3)

award $10,000,000 in damages, additional treble damages, reasonable costs and fees against QuinStreet, 4) other injunctive relief requested in his counterclaim, and 5) "alternately, Ferguson requests QuinStreet's *motion for a more definite statement* be granted." Dkts. 35 (*emphasis in original*) and 38.

QuinStreet replies, arguing that: 1) it filed a timely response, and 2) Ferguson's requested relief should be denied. Dkt. 37.

Ferguson additionally moves for Summary Judgment (Dkt. 34) and then moves to strike his own Motion for Summary Judgment (Dkt. 36). QuinStreet does not oppose striking Ferguson's Motion for Summary Judgment. Dkt. 37, at 5. No further discussion on Ferguson's Motion for Summary Judgment (Dkt. 34) will be undertaken, and it should be stricken.

This opinion will address: (A) Ferguson's Motion to Dismiss QuinStreet's Motion to Dismiss (Dkt. 35); (B) QuinStreet's Motion Dismiss Ferguson's Counterclaims and QuinStreet's Motion for a More Definite Statement (Dkt. 33); (C) QuinStreet's Motion to Strike (Dkt. 33), and lastly, (D) Ferguson's Motion for Default Judgment, damages and other requests for relief (Dkt. 35).

## II. DISCUSSION

### A. FERGUSON'S MOTION TO STRIKE QUINSTREET'S MOTION TO DISMISS

Ferguson's Motion to Strike QuinStreet's Motion to Dismiss (Dkt. 35) should be denied. Ferguson argues that QuinStreet's Motion to Dismiss should be stricken because it was not timely filed as a "responsive pleading" under Fed. R. Civ. P. 12(a)(4)(b). Dkt. 35, at 2. Fed. R. Civ. P. 12(a)(4)(b) provides that "if the court grants a motion for a more definite statement, the responsive pleading must be served within 10 days after the more definite statement was served." In response to the Court's order to file a more definite statement, if any he had, Ferguson filed pleadings entitled "Answers to QuinStreet Inc.'s Complaint" and "Counterclaim for Damages" on December 1, 2008. Dkt. 26. Computing time in accord with Fed. R. Civ. P. 6(a)(2), QuinStreet's response was due on December 15, 2008. QuinStreet did not file its responsive pleading within 10 days after Ferguson's more definite statement was served, but filed the instant motion on December 19, 2008. Dkt. 33. In the interests of fully and fairly considering the merits of this case, QuinStreet's motion should be considered.

### B. QUINSTREET'S MOTION TO DISMISS COUNTERCLAIMS AND MOTION FOR A MORE DEFINITE STATEMENT

QuinStreet's Motions will be considered based on the event dates upon which the counterclaims are

alleged to be founded.

        1.        <u>Motion to Dismiss Counterclaims based on events before the August 5, 2008, Order Summarily Dismissing Ferguson's Claims in the Prior Litigation</u>

Ferguson's counterclaims, based upon events occurring before the August 5, 2008, Order summarily dismissing his claims in the prior litigation (Dkt. 73 of 07-5378RJB), should be dismissed for two reasons. First, this Court does not have jurisdiction to hear these claims because the case is on appeal, and second, *res judicata* bars Ferguson's reassertion of these claims.

Once a notice of appeal is filed from a final judgment, the district court is divested of jurisdiction. *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982). A final judgment was entered in the prior litigation, and Ferguson appealed. Dkts. 74 and 79 of 07-5378RJB. To the extent that his current counterclaims are based upon emails sent before the August 5, 2008, Order in the prior litigation, Ferguson does not dispute that the counterclaims are identical to the claims he made in the prior litigation. Accordingly, to the extent that Ferguson is reasserting claims from the prior litigation, based upon events occurring before the August 5, 2008, Order dismissing his claims, this Court does not have jurisdiction to hear them and they should be dismissed.

Moreover, *Res judicata* (claim preclusion) bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. *Western Radio Servs. Co. v. Glickman,* 123 F3d. 1189, 1192 (9th Cir. 1997) (*citing Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). "In order for *res judicata* to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *Id*. (*citing Blonder-Tongue Lab. v. University of Ill. Found.,* 402 U.S. 313, 323-24 (1971)). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir. 2000)(*internal citations omitted*).

Ferguson's counterclaims, based upon events occurring before the August 5, 2008, Order in the prior litigation, should also be dismissed based on *res judicata*. There is no dispute that the claims are identical, a final judgment was entered on the merits of these claims, and that the same parties were involved in the prior litigation. There is no dispute that the "two suits arise out of the same transactional

nucleus of facts." *Frank,* at 851.  Even if he did not assert these claims based upon events before the August 5, 2008, Order, Ferguson has failed to show that he could not have brought these claims.

For the foregoing reasons, Ferguson's counterclaims, based on events before August 5, 2008, should be dismissed.

        2.    <u>Motion for Dismissal, or for a More Definite Statement, of Counterclaims Based on Events After the August 5, 2008, Order Summarily Dismissing Ferguson's Claims in the Prior Litigation</u>

Ferguson should be ordered to file a more definite statement particularly pleading his counterclaims based on events occurring after the August 5, 2008, Order in the prior litigation.

Ferguson is asserting counterclaims based upon Washington state law - CEMA and CPA.  Dkt. 26-2.  To the extent that Ferguson bases his counterclaims upon events occurring after the August 5, 2008, Order dismissing his claims in the prior litigation, Ferguson should be aware that the Court will take judicial notice of its findings in the prior litigation.  This includes the findings that the federal CAN-SPAM statue preempts state regulation of commercial email, except to the extent that any state regulation "prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto."  Dkt. 73, at 9 in 07-5378RJB (*citing* 15 U.S.C. § 7707 (b)(1)).

Although it is unclear, it appears that Ferguson is trying to assert counterclaims under CEMA and CPA based upon emails which he alleges contain "materially false" information.  Dkt. 26-2, at 4.  Pursuant to Fed. R. Civ. P. 9(b), "all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity."  Neither the Washington state courts nor the Ninth Circuit has specifically addressed whether the heightened pleading requirements of Fed. R. Civ. P. 9(b) apply in CEMA or CPA claims.  The Ninth Circuit does require that claims grounded in fraud must be plead with particularity regardless of whether the underlying substantive law is federal or state law.  *Vess v. Ciba-Geigy Corp.,* 317 F.3d 1097, 1103-04 (9th Cir. 2003).

It appears that Ferguson's claims may be "grounded in fraud."  QuinStreet moves for dismissal of the counterclaims because Ferguson has not plead his counterclaims with particularity as required under Rule 9(b).  Dkt. 33, at 8.  It argues that he has not identified which "emails he allegedly received after August 5, 2008, how they are attributable to QuinStreet, and why they violate CEMA and CPA."  *Id.*  QuinStreet requests, in the alternative, that if the Court does not dismiss the counterclaims, that Ferguson

be ordered to file a more definite statement. *Id.* Ferguson does fail to particularly plead the circumstances here. In the interest of fully and fairly considering the merits of the counterclaims, QuinStreet's motion to dismiss the counterclaims based on events occurring after the August 5, 2008, Order should be denied without prejudice. Ferguson should be ordered to file a more definite statement, if any, of his counterclaims on or before February 9, 2009.

### C. QUINSTREET'S MOTION TO STRIKE

QuinStreet moves to strike language in Ferguson's counterclaims. Dkt. 33, at 9. In light of the fact that Ferguson should file a more definite statement, if any he has, QuinStreet's motion to strike should be denied as moot.

### D. FERGUSON'S MOTION FOR DEFAULT JUDGMENT, DAMAGES AND OTHER RELIEF

Ferguson's motion for a default judgment on his counterclaims should be denied. Dkt. 35. Generally, default judgments are disfavored and cases should be decided on their merits except in extreme cases. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945-46 (9th Cir. 1986). Here, rather than file an Answer to the counterclaims, QuinStreet filed the pending motion to dismiss and motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e). This motion was well taken. QuinStreet's Answer to Ferguson's counterclaims should not be due until Ferguson files a more definite statement, if any, and then in accord with the Federal Rules of Civil Procedure. Ferguson's motion for default on his counterclaims should be denied. Accordingly, his motion seeking damages and other relief based upon those counterclaims should be denied as well.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Defendant Ferguson's Motion to Strike Defendant's Motion for Summary Judgment (Dkt. 36) **IS GRANTED**; Defendant Ferguson's Motion for Summary Judgment (Dkt. 34) is **STRICKEN**;
- Defendant Ferguson's Motion to Strike Counterdefendant's Motion to Dismiss Counterclaim (Dkt. 35) **IS DENIED**;
- QuinStreet Inc.'s Motion to Dismiss Defendant's Counterclaim (Dkt . 33) **IS GRANTED TO THE EXTENT THAT**: the counterclaims are based on events occurring before the August 5, 2008, Order in the prior litigation; and **DENIED TO THE EXTENT THAT**: the counterclaims

are based on events occurring after the August 5, 2008, Order in the prior litigation;

- QuinStreet Inc.'s Motion for a More Definite Statement (Dkt. 33) is **GRANTED**: Ferguson **SHALL FILE** a more definite statement of his counterclaims, based upon events occurring after the August 5, 2008, Order in the prior litigation, if any, on or before **February 9, 2009**;
- QuinStreet Inc.'s Motion to Strike (Dkt. 33) **IS DENIED AS MOOT**;
- Ferguson's Motion for Default Judgment, damages and other relief (Dkt. 35) is **DENIED**; and
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23rd day of January, 2009.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge