UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QUINSTREET, INC., a California Corporation,

    Plaintiff,

v.

MARK FERGUSON d/b/a WHEW.COM, an individual,

    Defendant.

CASE NO. C08-5525RJB

**ORDER ON DEFENDANT FERGUSON'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Defendant Ferguson's Motion for Summary Judgment (Dkt. 44), QuinStreet's Motion pursuant to Fed. R. Civ. P. 56(f) (Dkt. 49), Defendant's Motion for Reconsideration (Dkt. 51), and QuinStreet's Motion to Strike (Dkt. 52). The Court has considered the pleadings filed in support of and in opposition to these motions and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. FACTS

On January 23, 2009, this Court entered an Order on QuinStreet's Motion to Dismiss Defendant's Counterclaim, Motion for a More Definite Statement, Motion to Strike and Various Other Motions by Defendant ("January 2009 Order"). Dkt. 39. On March 30, 3009, this Court granted QuinStreet, Inc.'s third Motion to Dismiss Defendant's Counterclaim ("March 2009

ORDER
Page 1

1  Order"). Dkt. 48. The facts and procedural history are recounted at length in the January and
2  March 2009 Orders and are adopted here by reference. *Id.*, at 1-3.
3    Trial is set for October 19, 2009. Dkt. 32. Discovery is to be completed by June 22,
4  2009, and dispositive motions are to be filed by July 21, 2009. *Id.*
5    **B.   PENDING MOTIONS**
6    Defendant now moves for summary dismissal of QuinStreet's claims pursuant to Fed. R.
7  Civ. P. 56. Dkt. 44. Defendant states "[t]his Court determined the subject statements to be
8  protected under the First Amendment (Dkt. #30) and not actionable as a matter of law." *Id.*
9  Under the heading "Defamation *Per Se*," Defendant further argues that "Plaintiff has not
10 demonstrated that any other individual ever viewed the statements, . . . understood the content to
11 be about Plaintiff, understood the Plaintiff committed perjury, or that any of the statements were
12 untrue." Dkt. 44, at 6.
13   Under the heading "Tortuous [sic] Interference with an Existing Contract," Defendant
14 argues that Plaintiff "has not demonstrated that Defendant was aware of any contracts, . . . that
15 Defendant contacted any 'third party and/or persons," or that Plaintiff has been damaged so that
16 claim can not survive. *Id.*
17   Under the heading "Intentional Interference with Prospective Economic Advantage,"
18 Defendant argues that Plaintiff has "not demonstrated the Defendant knew of any contracts with
19 any third parties" or "business relationships." *Id.* Defendant argues that Plaintiff has not shown
20 that Defendant's "acts were designed to intentionally disrupt any business relationship" or that any
21 business relationship was disrupted. *Id.* He argues that Plaintiff has not shown that he was the
22 "proximate cause" of any damages. *Id.*
23   QuinStreet files a Response, arguing that Defendant misrepresents this Court's prior
24 ruling, his motion is premature because critical discovery is pending, his arguments are entirely
25 conclusory, and are not supported by any facts or reasoned argument. Dkt. 49. QuinStreet
26 makes a motion pursuant to Fed. R. Civ. P. 56 (f). *Id*. Further, QuinStreet argues that there are
27 triable
28

issues of fact as to its defamation, intentional interference with contractual relations, and intentional interference with prospective economic claims. *Id.*

Defendant replies, arguing that QuinStreet has not proven each element of each claim. Dkt. 51. Defendant discusses QuinStreet's responses to his Interrogatories. *Id.* Defendant raises complaints about the difficulty pleading his counterclaim with particularity. *Id.* Defendant cites to Washington's criminal code for malicious prosecution and perjury in the first degree. *Id.* Defendant asks the Court to reconsider its Order on QuinStreet Inc.'s Motion to Dismiss Defendant's Counterclaim (Dkt. 48). *Id.* Defendant further states that,

> Due to a miscommunication [sic] between [Defendant] and this Court, [Defendant] not understanding the Court's knowledge was insufficient and the Court required specific information to attribute the 'subject' spam to QuinStreet; [Defendant] believed the Court had greater knowledge of the Internet, the Domain Name System, the IP allocation process and so presented evidence that clearly demonstrated QuinStreet owned, operated, maintained and controlled the domains the spam ultimately redirected to, QOUCES.COM, DEVRY-DEGREES.COM, and QSSTATS.COM, all of these domains are located in IP space NapNet had allocated to QuinStreet, [Defendant] was unaware the Court was unable to make that connection.

*Id.*, at 8-9.

Parties should be aware that it is not the Court's role to find and present evidence. Defendant has attached pleadings he alleges are evidence to support his counterclaims. "Exhibit A" of these pleadings is unintelligible to the Court. Dkt. 51-2. "Exhibit B" purports to explain "Exhibit A," but does not provide a clear explanation, and certainly does not identify Defendant's proposed counterclaim. Dkt. 51-3.

QuinStreet files a Surreply and requests the Court strike the evidence attached to Defendant's Reply submitted to support his dismissed counterclaims. Dkt. 52. QuinStreet argues that this evidence is newly submitted in the Reply and is not related to the Motion for Summary Judgment. *Id.* QuinStreet also points out that Defendant's Reply raises completely new arguments regarding the status of discovery and whether the Court should reconsider the decision to dismiss his counterclaims for failing to plead his CEMA/CPA claims with particularity. *Id.*

Defendant files a pleading entitled "Opposition to QuinStreet's Surreply." Dkt. 54. In this pleading, Defendant objects to QuinStreet's Motion to strike the evidence attached to his Reply which he alleges support his counterclaims. *Id.* He states that he "is still unable to identify the **ACTUAL spam sender** but was able to identify the client as Plaintiff, demonstrating the **DECEPTIVE** nature of the spam." *Id.* He argues QuinStreet still has not provided evidence of their claims. *Id.* Plaintiff questions "[w]hat exactly has this Court done to determine anything as to the basis of [QuinStreet's] claims?" *Id.*

This opinion will first address Defendant's Motion for Summary Judgment (Dkt. 44) and QuinStreet's Motion Pursuant to Rule 56 (f) (Dkt. 49), then Defendant's Motion for Reconsideration (Dkt. 51), and QuinStreet's Motion to Strike (Dkt. 52).

## II. <u>DISCUSSION</u>

### A. SUMMARY JUDGMENT MOTION AND MOTION UNDER FED. R. CIV. P. 56 (f)

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

Fed. R. Civ. P. 56(f), "When Affidavits Are Unavailable," provides that:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

Plaintiff's motion pursuant to Fed. R. Civ. P. 56 (f) should be granted, and Defendant's Motion for Summary Judgment should be denied without prejudice. Plaintiff has shown that parties have a great deal of discovery yet to do. For example, to survive summary judgment on its defamation claim, Plaintiff must raise issues of fact as to the following elements: falsity, an unprivileged communication, fault, and damages. *Mark v. Seattle Times*, 96 Wash.2d 473, 486 (1981). The following are the elements need to make a claim for intentional interference with contractual relations: 1) existence of a valid contractual relationship, 2) that the defendant had knowledge of that relationship, 3) intentional interference inducing or causing a breach or termination of the relationship, 4) that the defendant interfered for an improper purpose or used improper means, and 5) resulting damage. *Commodore v. University Mechanical Contractors, Inc.,* 120 Wash.2d 120, 137 (1992). Defendant's knowledge is key to each of these claims. QuinStreet states that it has not yet received Defendant's responses to written discovery and has

not had an opportunity to depose Defendant. Accordingly, Defendant's Motion for Summary Judgment should be denied without prejudice, to be renewed, if he so chooses, when appropriate.

### B. MOTION FOR RECONSIDERATION

Local Fed. R. Civ. P. 7(h) provides in relevant part as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

To the extent that Defendant moves for reconsideration (Dkt. 51) of the Court's order dismissing his counterclaims, his motion should be denied. Defendant has not shown a manifest error in the prior ruling or new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence.

To the extent that Defendant is moving to amend his answer and again attempt to plead his counterclaims, he should follow the Local and Federal Rules of Civil Procedure, including providing a proposed Amended Answer and Counterclaims. He should again be aware that he should plead his claims with particularity, as he has been warned in prior court orders. *See E.g.* Dkts. 39 and 48.

### C. MOTION TO STRIKE

QuinStreet's Motion to Strike (Dkt. 52) should be granted. The pleadings attached to the Reply appear to relate to the dismissed counterclaims, and not to the issues raised by the Summary Judgment Motion. Defendant should understand that this ruling does not bar these pleadings from ever being filed, merely that they were improper as attachments to the Reply.

### D. DISCOVERY

Defendant discusses some of QuinStreet's answers to written discovery. Dkt. 44 and 51. If it is Defendant's intention to file a motion regarding discovery issues, he should again do so in accord with the rules. It does not appear that Defendant made such a motion in the current pleadings.

# III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Defendant Ferguson's Motion for Summary Judgment (Dkt. 44) **IS DENIED WITHOUT PREJUDICE**;
- QuinStreet's motion pursuant to Fed. R. Civ. P. 56(f) (Dkt. 49) is **GRANTED**;
- Defendant's Motion for Reconsideration of the Court's Order dismissing his counterclaims (Dkt. 51) is **DENIED**; and
- QuinStreet's Motion to Strike (Dkt. 52) is **GRANTED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 10th day of April, 2009.

_____
ROBERT J. BRYAN
United States District Judge