# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

QUINSTREET, INC., a California corporation,

Plaintiff,

v.

MARK FERGUSON d/b/a/ WHEW.COM, an individual,

Defendant.

Case No. C08-5525RJB

ORDER ON QUINSTREET INC.'S MOTION TO COMPEL; DEFENDANT'S MOTION TO COMPEL; AND VARIOUS OTHER MOTIONS BY DEFENDANT

This matter comes before the Court on QuinStreet Inc.'s ("QuinStreet") Motion to Compel (Dkt. 70), Defendant's Motion to Compel (Dkt. 66), Defendant's Motion to Strike Surreply (Dkt. 93), Defendant's Motion for Leave to File Surreply Regarding Plaintiff's Reply in Support of Plaintiff's Motion to Compel Discovery (Dkt. 94-2), and Defendant's Motion to Exclude Statements (Dkt. 82). The Court has considered the pleadings filed in support of and in opposition to these motions, and the remainder of the file herein.

## I. FACTS

On July 27, 2007, Mr. Ferguson, Defendant here, filed a case against QuinStreet, alleging that, beginning around October 2006, QuinStreet's various emails to him violated the Federal CAN-SPAM Act, ("CAN-SPAM"), 15 U.S.C. § 7701, *et. seq.*, the Washington Commercial Electronic Mail Act, ("CEMA"), RCW 19.190.010-.070, and the Washington State Consumer Protection Act, ("CPA"), RCW 19.86. *Ferguson v. Active Response Group, et al.,* Western District of Washington cause number 07-5378RJB ("prior litigation"). On August 5, 2008, this Court dismissed Mr. Ferguson's claims in the prior litigation.

ORDER
Page - 1

Dkt. 73 of 07-5378RJB. Mr. Ferguson filed a Notice of Appeal in that case with the Ninth Circuit Court of Appeals on August 27, 2008. Dkt. 79 of 07-5378RJB. That appeal is still pending.

On August 29, 2008, QuinStreet filed the Complaint in this matter alleging that on or about August 23, 2008, Mr. Ferguson began to post "false and defamatory statements on his whew.com website and the Usenet group news.admin.net-abuse.email bulletin board, alleging that QuinStreet, through its counsel of record in [the prior litigation] committed perjury, which is a felony, by lying to the Court during proceedings in that matter." Dkt. 1, at 2-3. QuinStreet alleges that Mr. Ferguson falsely stated on these websites that "QuinStreet and its client, DeVry University have been sending him spam for years." *Id.,* at 3. QuinStreet further alleges that Mr. Ferguson states "he intends to sue all of QuinStreet's clients including DeVry University, and encourages others to sue QuinStreeet and its clients based on false statements and misrepresentations made about QuinStreet, its clients, its counsel, and this Court." *Id.*

QuinStreet makes three claims: 1) defamation, 2) intentional interference with contractual relations, and 3) intentional interference with prospective economic advantage. *Id.*, at 4-6. It seeks monetary damages and injunctive relief. *Id, at 7.*

On January 23, 2009, this Court entered an Order on QuinStreet's Motion to Dismiss Defendant's Counterclaim, Motion for a More Definite Statement, Motion to Strike and Various Other Motions by Defendant. Dkt. 39. On March 30, 2009, this Court entered an Order on QuinStreet's Motion to Dismiss Defendant's Counterclaim and Motion to Strike. Dkt. 48. Further facts and procedural history are recounted at length in these prior orders and are adopted herein by reference. Dkts. 39, at 1-3 and 48 at 1-3.

Both parties have motions to compel pending, as well as various other motions by Defendant. The Court will consider each in turn.

## II. DISCUSSION

### A. GENERAL STANDARD FOR DISCOVERY

Fed. R. Civ. P. 26 (b)(1) provides that,

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be

admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

**B.  QUINSTREET'S MOTION TO COMPEL**

QuinStreet now files a Motion to Compel seeking responses to Request for Production #1, Request for Production #2, Requests for Production #4-7, and Request for Production #20. Dkt. 70. Parties participated in an unsuccessful Fed. R. Civ. P. 37 conference. Dkt. 71.

   1. *Requests for Production #1, #2, and #4-7*

The Requests for Production #1, #2, and #4-7, are related, and are listed below along with Defendant's response.

- <u>Request for Production #1</u>: All **DOCUMENTS** or **COMMUNICATIONS YOU** claim to have received from **QUINSTREET** or anyone acting on **QUINSTREET'S** behalf from August 5, 2008 to the date of **YOUR** response to this request.

- <u>Request for Production #2</u>: All **DOCUMENTS** or **COMMUNICATIONS** supporting **YOUR** claim that **QUINSTREET** initiated the transmission of any e-mails **YOU** received.

- <u>Request for Production #4</u>: All **DOCUMENTS** or **COMMUNICATIONS** from August 5, 2008 to the date of **YOUR** response to this request, except those pleadings, legal correspondence and discovery already sent or received by QuinStreet in the context of this or prior litigation with **YOU**, supporting any claim by you that **QUINSTREET** conspired or otherwise acted in collusion with any other person to send **YOU** unsolicited or unwanted e-mails.

- <u>Request for Production #5</u>: All e-mails which **YOU** claim that **QUINSTREET** sent to **YOU** in their native, electronic format <u>before</u> being filtered by **YOUR SPAM** Assassin or similar SPAM blocker or filter. (This would include any such e-mails that were captured in **YOUR** "**SPAM** box," "Recycle Bin," or similar feature of **YOUR** computer software and/or **YOUR** Internet server provider's software.)

- <u>Request for Production #6</u>: All e-mails which **YOU** claim that **QUINSTREET** sent to **YOU** in their native, electronic format <u>after</u> being filtered by **YOUR SPAM** Assassin or similar SPAM blocker or filter. (This would include any such e-mails that were captured in

| | |
|---|---|
| 1 |             **YOUR** "**SPAM** box," "Recycle Bin," or similar feature of **YOUR** computer software |
| 2 |             and/or **YOUR** Internet server provider's software.) |
| 3 | •    <u>Request for Production #7</u>: All e-mails which **YOU** allege were sent to **YOU** by |
| 4 |      **QUINSTREET** which escaped or bypassed **YOUR SPAM** Assassin or other **SPAM** filter |
| 5 |      and made it into **YOUR** "Inbox." |

Dkt. 72, at 20-23 (*emphasis in original*).

     In response to these Requests for Production, Defendant emailed the following link to QuinStreet: http://www.whew.com/Quinstreet/Evidence/, stating that "[y]our client's spam is located here." Dkt. 72, at 32. Mr. Ferguson argues that he has provided the emails QuinStreeet seeks by giving them the link. Dkt. 84. Mr. Ferguson's responses to Requests #1, #2, and #4 were as follows: "Objected to as overly burdensome and Ferguson has previously provided the spam in its native and/or raw HTML [Hypertext Mark-up Language] format online and on <u>26/Feb/2009:09:43:32 -0800</u> you and/or your client accessed that information." Dkt. 72, at 20-23. Mr. Ferguson responded similarly to Requests #5, #6, and #7, with: "Objected to as overly burdensome and overly broad and Ferguson has previously provided the spam in its native and/or raw HTML format online and on <u>26/Feb/2009:09:43:32 -0800</u> you and/or your client accessed that information." *Id.*

     QuinStreet states the link (utilizing the directory showing a "last modified date" of "25-Feb-2009 15:00,) is comprised of over 7,000 pages. Dkt. 71. QuinStreet states that the emails Defendant alleges are contained at that link appear to be thousands of pages of raw code. Dkt. 72. QuinStreet points out that it is "impossible to reasonably view the emails, impossible to separate out one email from another, and impossible to know which emails are responsive to which requests." Dkt. 70, at 9.

     Mr. Ferguson filed copies of some of these emails. Dkt. 84-3. These emails are in a format that reveals HTML codes as well as other normally suppressed codes. Dkt. 84-3. Mr. Ferguson does not deny that the link that he sent QuinStreet contains what appears to be thousands of pages of emails, back to back, in a similar format.

     QuinStreet now moves the Court for an order compelling Mr. Ferguson to produce the emails in a reasonably usable, readable form, "which allows one to view the emails in the form a typical internet/email user would view them, and which allows for distinction between each separate email." Dkt. 70, at 9.

QuinStreet also moves for an order compelling Mr. Ferguson specify which documents are responsive to which requests and to state whether he has produced all documents responsive to those requests. *Id.*

In his Response, Mr. Ferguson argues that "[t]he two files presented to the Plaintiff, that are the subject of this motion, were never altered from their original ASCII format and ASCII cannot be altered or numbered without rendering the evidence indiscernible." Dkt. 84, at 5. Mr. Ferguson points out that under Fed. R. Civ. P. 34 (b)(2)(E)(iii), he does not have to produce the emails in more than one form. *Id.*

QuinStreet states in its Reply that it "has made every attempt to resolve the issue informally, even offering to pay any costs associated with printing out the emails in the format in which emails are customarily viewed." Dkt. 91. Defendant refused. *Id.* QuinStreet argues that Mr. Ferguson "maintains that QuinStreet must undertake the task of converting the thousands of pages of raw code contained in the http://www.whew.com/QuinStreet/Evidence/ hyperlink into a form that would allow counsel, the Court, and any other trier of fact to view the emails in a format that could be understood by the average internet/email user." Dkt. 91, at 1.

Mr. Ferguson files a Surreply, and maintains that "conversion to PDF, [Portable Document Format] or image format, destroys all underlying evidence pointing to Plaintiff." Dkt. 94, at 2. He argues that QuinStreet requested at the Rule 37 Conference that Mr. Ferguson "provide the evidence to an unknown and unidentified third party for them to render and Plaintiff would pay for this." *Id.* He argues:

> While this may seem a rather insignificant difference to the casual observer, the inference is quite clear. Plaintiff has lost the evidence that was provided and seeks to have this Court order Defendant to render the evidence provided previously. If Plaintiff were still in possession of the evidence there simply would be no need for Plaintiff to attempt to compel Ferguson to render it or provide it to any third party, Plaintiff could and would have simply done that themselves.

*Id.*, at 94.

Fed. R. Civ. P. 34 (a)(1) provides that:

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
(A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . .

Fed. R. Civ. P. 34(b)(2)(E) further provides that:

Producing the Documents or Electronically Stored Information. Unless otherwise stipulated

ORDER
Page - 5

or ordered by the court, these procedures apply to producing documents or electronically stored information:
(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
(ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
(iii) A party need not produce the same electronically stored information in more than one form.

Comment to Rule 34 states that "[t]he production of electronically stored information should be subject to comparable requirements to protect against deliberate or inadvertent production in ways that raise unnecessary obstacles for the requesting party."

QuinStreet's Motion to Compel should be granted as to Requests for Production #1, #2, and #4-7. Defendant appears to be engaging in the kind of behavior that the Rules specifically caution against. Defendant is unwilling to provide the emails in a reasonably usable form, or to provide Plaintiff with the information and limited assistance so that it may do so. The Court appreciates that Defendant feels that the emails are in a "reasonably usable" form. He has not cooperated with Plaintiff in a manner which would help all of us get to the merits of this case. Further, Defendant does not dispute that he has failed to identify which email is responsive to which of these Requests for Production. The Court notes that some of the Responses to the Requests for Production appear to be mutually exclusive - #5 and #6, for example. It is Defendant's duty to provide specific responses to each Request for Production. Fed. R. Civ. P. 26 (b). Mr. Ferguson's claim that he can not number each email is belied by the fact that the record contains several individually numbered emails he alleges came from QuinStreet. Dkts. 73-77. Accordingly, Mr. Ferguson should be ordered to: 1) produce the emails in a reasonably readable and usable form or cooperate with Plaintiff's counsel in the manner they suggest so that they may seek expert advice to get them into a reasonably usable form, 2) individually number each email so that it is clear where each email begins and ends, 3) indicate which of them responds to which Request for Production, and 4) state whether he has produced all documents responsive to those requests.

2.  *Requests for Production #20*

QuinStreet also moves for an order compelling Mr. Ferguson respond to Request for Production #20. Dkt. 70.

- Request for Production #20: All contracts, terms of service, income tax returns, W-2 forms, 1099

|   |   |
|---|---|
| 1 | forms, financial statements, profit and loss statements, or other DOCUMENTS RELATING TO |
| 2 | YOUR activities or performance as an alleged Internet access service or Internet access provider |
| 3 | from or after January, 1, 2004. |

Dkt. 72, at 29-30. Mr. Ferguson responds:

> Objected to as vague, ambiguous, overbroad, invasive of Defendant's right to protect confidential information from unnecessary disclosure, assuming facts not in evidence and not reasonably calculated to lead to the discovery of admissible evidence. Further objected to the extent that the Plaintiff is asking the Defendant to produce Defendant's tax returns, which Defendant does not have in its possession, custody, or control. Further, tax returns are privileged documents and Defendant has not waived any privilege as to his tax returns by making the allegations in its counter complaint.

*Id.*

QuinStreet argues that the information is relevant to its allegation that Defendant made a defamatory statement when he alleged that QuinStreet's counsel lied to the Court about Defendant's status as a professional anti-spam litigator. Dkt. 70, at 9. (One of the factors that the Court considered in the prior litigation in QuinStreet's motion for attorneys' fees was whether Mr. Ferguson filed the case with an improper motive.) Dkt. 89 in *Ferguson v. Active Response Group, et al.,* Western District of Washington cause number 07-5378RJB. Although Mr. Ferguson maintains that his statements were true as a defense, he argues that the information sought in this Request for Production is not relevant. Dkt. 84.

QuinStreet's motion to compel Mr. Ferguson respond to Request for Production #20 should be granted. QuinStreet has shown that the documents sought are relevant to its claims or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26 (b).

    3.    *Defendant's Various Motions in Pleadings Responding to QuinStreet's Motion to Compel*

Defendant moves to strike statements in QuinStreet's lawyer's Declaration (Dkt. 72) that after viewing the online link at http://www.whew.com/QuinStreet/Evidence/ . . . "according to our firm's IT department, the directory showing a "last modified date" of "25-Feb-2009 15:00" alone is comprised of over 7,000 pages." Dkt. 83. Mr. Ferguson does not deny the accuracy of the claim, but complains that "Plaintiff has failed to identify the individual, if any, has failed to provide any substance or credibility as to the unidentified 'IT department' expertise." *Id.*

Defendant's motion to strike (Dkt. 83) should be denied. He has failed to provide a reasonable basis upon which to strike those statements.

Mr. Ferguson moves to strike his own surreply (Dkt. 92). Dkt. 93. He then moves to file an additionally surreply. Dkt. 94-2. Plaintiff does not contest these motions. They should be granted.

### C. DEFENDANT'S MOTION TO COMPEL

Mr. Ferguson filed a Motion to Compel QuinStreet to provide "full and complete responses to Ferguson's outstanding discovery." Dkt. 66. Defendant argues that QuinStreet's responses are boilerplate objections." *Id.* Although Defendant appears to be referencing all his discovery requests, he points to Interrogatory #3, Request for Production #3, Request for Production #6, and Request for Production #7 specifically in his motion. *Id.* Mr. Ferguson alleges that he attempted to conduct a Rule 37 Conference. *Id.* According to QuinStreet, Defendant's Interrogatory #3, Request for Production #3, Request for Production #6, and Request for Production #7 were the only discovery responses discussed. Dkt. 85. Fed. R. Civ. P. 37 requires parties to confer in good faith to attempt to obtain discovery without Court action. It appears that the parties only discussed Defendant's Interrogatory #3, Request for Production #3, Request for Production #6, and Request for Production #7. To the extent the Mr. Ferguson moves to compel answers to the balance of discovery, the motion should be denied. The remaining issues are discussed below.

- <u>Interrogatory #3</u>: Please identify each and every fact, any and all documents, and any and all evidence that supports the allegations contained in your complaint.

Dkt. 66-3, at 14.

*QuinStreet's Response*: Objected to as vague, ambiguous, compound, failing to identify the information sought with reasonable particularity, and invasive of the attorney-client and/or attorney work product privileges. Without waiving said objections, Defendant is referred to the documents identified in QuinStreet's Complaint and Rule 26 Initial Disclosures as well as the complete record in the District Court and Ninth Circuit Court of Appeals for the Ferguson v. Active Response litigation, each of which Defendant already has in his own possession. Discovery and investigation are continuing.

*Id.*

*QuinStreet's Supplemental Response*: Without waiving said objections, Defendant is referred to the documents identified in QuinStreet's Complaint and Rule 26 Initial Disclosures in this lawsuit, as well as the complete record in the District Court and Ninth Circuit Court of Appeals for the Ferguson v. Active

Response litigation, including but not limited to the transcript of the deposition of Mark Ferguson in said litigation and the pleadings identified by Mark Ferguson in QS 0012-0015, each of which Defendant already has in his own possession. In addition, QuinStreet produces herewith certain internet postings made by defendant, labeled QS 0001-0040 and 0044-0047, along with a newspaper article labeled QS 0041-0043. QuinStreet may also rely upon any pleading or submission to any court which you allege constitutes a lie or misrepresentation by QuinStreet or its counsel. Discovery and investigation are continuing.

Dkt. 86, at 19-20. The record contains several pages of documents attached to QuinStreet's responses.

**Ruling**: The Defendant's Motion to Compel (Dkt. 66) regarding this interrogatory should be denied. Plaintiff's objections are well taken. The documents referenced in the record, including the Complaint, provide extensive information regarding QuinStreet's claims. Defendant makes no showing that these responses are not complete answers.

- <u>Request for Production #3</u>: All documents, electronic, handwritten, facsimile or other in the possession, custody, or control of the Plaintiff and that the Plaintiff may use to support its claims of damages and/or defenses and specifically Paragraphs 8, 9 and 10 of Plaintiffs complaint that support Plaintiffs following claims;
    a) Quinstreet through its counsel of record in Ferguson v. Active Response Group, et, al., committed perjury
    b) Ferguson has stated that Quinstreet's counsel [...] committed perjury [ ]
    c) [ ] Quinstreet directed its counsel to commit the alleged acts and/or that Quinstreet ratified such alleged acts
    d) Ferguson [...] stated that plaintiff Quinstreet and its client DeVry University, have been sending him spam for years [...]
    e) [...] Quinstreet is responsible for sending him 25,000 to 35,000 spam per year
    f) [...] that Microsoft has also received spam from Quinstreet.

Dkt. 66-3, at 16.

*QuinStreet's Response*: Objected to as vague, ambiguous, overbroad, compound, and invasive of the attorney-client and/or attorney work product privileges. Also objected to on the basis that this request

assumes facts not in evidence, as it inaccurately and incompletely attempts to restate Plaintiffs allegations. Without waiving said objections, Defendant is referred to the documents identified in QuinStreet's Complaint and Rule 26 Initial Disclosures as well as the complete record in the District Court and Ninth Circuit Court of Appeals for the Ferguson v. Active Response litigation, each of which Defendant already has in his own possession. Most specifically, Defendant is referred to his own website, whew. com and its various home pages and postings. Discovery and investigation are continuing.

*Id.*

*QuinStreet's Supplemental Response*: Without waiving said objections, Defendant is referred to the documents identified in QuinStreet's Complaint and Rule 26 Initial Disclosures in this lawsuit, as well as the complete record in the District Court and Ninth Circuit Court of Appeals for the Ferguson v. Active Response litigation, including but not limited to the transcript of the deposition of Mark Ferguson in said litigation and the pleadings identified by Mark Ferguson in QS 0012-0015, each of which Defendant already has in his own possession. Most specifically, Defendant is referred to his own website, whew.com and its various home pages and postings. In addition, QuinStreet produces herewith certain internet postings made by defendant, labeled QS 0001-0040 and 0044-0047. QuinStreet may also rely upon any pleading or submission to any court which you allege constitutes a lie or misrepresentation by QuinStreet or its counsel. Statements related to subsections (a)-(f) above may be found, among other places, on the following pages:

(a) QS 0001-0002, 0005-0006, 0008-0015, 0018, and 0034.

(b) QS 0001-0002, 0005-0006, 0008-0015, 0018, and 0034.

(c) QS 0001-0002, 0005-0006, 0008-0015, 0018, and 0034.

(d) QS 0001, 0004-0005, 0007, 0009

(e) QS 0001, 0005, 0009.

(f) QS 0001, 0005, 0009.

Discovery and investigation are continuing.

Dkt. 86, at 23-24. The record contains several pages of documents attached to QuinStreets' responses. Dkt. 86.

**Ruling**: The Defendant's Motion to Compel (Dkt. 66) regarding this Request for Production

should be denied. Plaintiff's objections are well taken. In his Reply, Defendant attacks the evidence provided by QuinStreet alleging that the statements are attributable to other parties. Dkt. 87. Defendant is reminded that a motion to compel production of evidence, unlike a motion for summary judgment, does not determine whether the claims have evidence to support them. Mr. Ferguson has made no showing that QuinStreet has not responded full and completely.

- Request for Production #6: All documents, electronic, handwritten, facsimile or other relating to any third party that has declined to conduct business and/or reduce the amount of business they will do with Plaintiff as a direct result of any statements or representations made by the Defendant.

Dkt. 66-3, at 17.

*QuinStreet's Response*: QuinStreet is not aware of any documents or writings which would be responsive to this request. Discovery and investigation are continuing.

*Id.*

**Ruling**: The Motion to Compel (Dkt. 66) regarding this Request for Production should be denied. Defendant makes no showing that this response is incomplete.

- Request for Production #7: All documents, electronic, handwritten, facsimile or other that demonstrate Plaintiff has lost income as a direct result of any statement and/or representations made by the Defendant.

Dkt. 66-3, at 17.

*QuinStreet's Response*: QuinStreet is not aware of any documents or writings which would be responsive to this request. Discovery and investigation are continuing.

*Id.*

**Ruling**: The Motion to Compel (Dkt. 66) regarding this Request for Production should be denied. Defendant makes no showing that this response is incomplete.

### D. DEFENDANT'S MOTION TO EXCLUDE STATEMENTS

Defendant moves the Court for an order "Excluding Statements." Dkt. 82. Defendant does not reference Fed. R. Civ. P. 12 or 56, nor is it apparent under what authority he seeks Court action. It is unclear which statements he seeks to have excluded and from what he seeks exclusion (a particular pleading or the trial?). He references the First Amendment. The Court appreciates he intends to attack

some of the evidence against him, however, he does not ask for dismissal of any of the claims pursuant to the Fed. R. Civ. P. To the extent he seeks to have statements excluded from trial, those motions should be made closer to trial.

Fed. R. Civ. P. 12 (f) provides that the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendant has made no showing under this rule. Defendant's Motion to Exclude (Dkt. 82) should be denied.

QuinStreet's Motion to Renote Defendant's Motion to Exclude (Dkt. 95) should be denied as moot.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- QuinStreet Inc.'s Motion to Compel (Dkt. 70) **IS GRANTED**;
- Mr. Ferguson **SHALL**:
    1) produce the emails in a reasonably readable and usable form or cooperate with Plaintiff's counsel in they manner suggest so that they may seek expert advice to get them into a reasonably usable form,
    2) individually number each email so that it is clear where each email begins and ends,
    3) indicate which of them responds to which Request for Production, and
    4) state whether he has produced all documents responsive to those requests;
- Defendant's Motion to Strike (Dkt. 83) **IS DENIED**;
- Defendant's Motion to Strike Surreply (Dkt. 93) **IS GRANTED**;
- Defendant's Motion for Leave to File Surreply Regarding Plaintiff's Reply in Support of Plaintiff's Motion to Compel Discovery (Dkt. 94-2) **IS GRANTED**;
- Defendant's Motion to Compel (Dkt. 66) **IS DENIED**;
- Defendant's Motion to Exclude Statements (Dkt. 82) **IS DENIED**; and

- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 22nd day of June, 2009.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge

ORDER
Page - 13