THE HON. ROBERT J. BRYAN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON, TACOMA

QUINSTREET, INC., a California corporation;

        Plaintiff,

v.

MARK FERGUSON d/b/a WHEW.COM, an individual,

        Defendant,

NO. C08-05525-RJB

DEFENDANT MARK FERGUSON'S TRIAL BRIEF

## Introduction

This case is a vindictive, spiteful, ill founded exercise in abusing the judicial process. The Plaintiff has brought this case in an act of pure retaliation. As is evident by the Plaintiff's portion of the Agreed Pre-Trial Order, the Plaintiff does not posses the evidence necessary to prove the elements of their claims, yet they persist in litigating this case solely to impose costs on Defendant. Plaintiff should be sanctioned.

## Factual Background

Ferguson originally brought suit in this Court against Quinstreet and various other parties for sending Ferguson unsolicited commercial email (hereafter referred to by its common name, "spam") under the Federal CAN SPAM Act (15 USC 7701 et seq.) and Washington State's Commercial Electronic Mail Act "CEMA" (RCW 19.190 et seq.) in Cause No.

**DEFENDANT MARK FERGUSON'S TRIAL BRIEF** -1
**QUINSTREET, INC. v. FERGUSON**

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

C07-5378, captioned FERGUSON v. ACTIVE RESPONSE GROUP et al. (hereafter the "prior case'). The prior case was dismissed entirely on the basis of Ferguson's standing. At no time did this or any other Court address the substance of Ferguson's claims that the spam at issue violated the substantive provisions of the CAN SPAM Act.

At the conclusion of the prior case, Quinstreet moved for attorney fees. This Court denied that motion, noting that the question of Ferguson's standing was a "close call," that the CAN SPAM law was not well developed, and that Ferguson had a good faith basis for bringing Ferguson's claims. Quinstreet then brought a motion for reconsideration. Quinstreet also lost this motion, and the Court repeated it's statements that Ferguson had brought his claims in good faith.

Quinstreet, apparently infuriated by the Court's ruling denying them their attorney fees, then filed this frivolous lawsuit. Quinstreet based this lawsuit on Ferguson's comments about the prior case that were published on the internet. Quinstreet's entire suit thus amounts to the allegations that:

1) Ferguson had "defamed" them, and

2) Ferguson had Intentional Interfered with Prospective Economic Advantage

Quinstreet's evidence for these allegations consists entirely of the following statements that were posted on the Internet:

> "Quinstreet located in California is still spamming."
>
> "Quinstreet is still spamming me for DeVry University,…"
>
> "Quinstreet still spamming for DeVry University."
>
> "I have many more spam from these clowns and have many more archived redirects back to Quinstreet but I needed a place to start for future reference."

**DEFENDANT MARK FERGUSON'S TRIAL BRIEF** -2
<u>QUINSTREET, INC. v. FERGUSON</u>

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

"[T]his was Quinstreet spam."

"All Quinstreet spam…. Sad bastards. I will be collecting and archiving all their spam for my appeal."

"The truly sad thing is Kraft, Xerox, Quinstreet, Kaplan University [Washington Post], The Journal, and so many other fortune 500 and fortune 100 companies hire these spammers with knowledge of their actions."

"We are now battling QuinStreet who is still spamming me after we started suing them. Their spam violates the CAN SPAM Act of 2003 but the judge figures they don't want to hear these types of cases and have made massive excuses for Quinstreet."

"These are asinine ruling and interpretations of the CAN SPAM Act and so we have decided to appeal the case. I have 1,500 spam right now that I can attribute to Quinstreet."

"The fact is, Quinstreet, Inc. is still spamming me and others even after they were sued. Their spam violates CAN SPAM; already proven in a court and it violates in my opinion Washington, California's and every other Consumer Protection Law I have read."

"The client company. . . QUINSTREET, INC., use[s] a shield, the affiliates, hired by a secondary company. . . to send the actual spam."

"This is a very effective shield that QUINSTREET. . . and others have used to avoid any responsibility what-so-ever- for years of spamming to this point."

**DEFENDANT MARK FERGUSON'S TRIAL BRIEF** -3
**QUINSTREET, INC. v. FERGUSON**

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

"Quinstreet still spamming for DeVry University and now their attorney Stephan Barber compounds this with threats against me because he was caught lying to the court."

"In fact Barber, opposing counsel actually lied on a couple of occasions to the Court in his declarations to the court…"

"The spammer's attorney Steve Barber of RMK in California continues to lie to the court and the court does nothing."

"Steve Barber has to lie to defend his client and since the court is not holding his feet to the fire they are using his lies to they don't have to hear the case."

"He has lied to the judge about my deposition about what I said. This was easily shown to be false, yet the judge did nothing."

"So in the end I have a dishonest attorney Steve Barber that lies to defend his client Quinstreet, I have a judge that things these cases are something he doesn't want to hear and I have business slowly being ruined by so much spam that I am unable to mitigate the damages any further."

"I mean, if Mr. Barber was going to fabricate my testimony what exactly did he want to depose me for?"

"[Steve Barber] forgets to read his own Declarations for factual content and so does not find the multiple lies in Docket 66, below is one of those lies."

"I suspect I don't need to post the rest and this is only a single incident where Steve Barber lied to the court and directly wrote the exact opposite of what I said in my deposition."

**DEFENDANT MARK FERGUSON'S TRIAL BRIEF** -4
**QUINSTREET, INC. v. FERGUSON**

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

## Proof At Trial

It is difficult to imagine how Quinstreet can possibly hope to prevail on their claims. The statements by Ferguson are either not actionable, or they are easily shown to be true. For example, it is difficult to imagine how Quinstreet can hope to establish that Ferguson's statement that "Quinstreet located in California is still spamming" was false. Quinstreet admits it is located in California. By their own admission, Quinstreet's entire business model consists of sending *unsolicited commercial email*, a/k/a "spam". Indeed, sending spam appears to be the only way Quinstreet makes any money. They have admitted that they send spam on behalf of various clients in their various filings with this very Court. Accordingly, Quinstreet, by their own admission, is a "spammer.", notwithstanding the distasteful, perjorative use of that term to Quinstreet. Further, Ferguson will submit evidence at trial that Quinstreet is widely known on the Internet as a spammer. Ferguson will submit hundreds of complaints posted on line where others have complained about Quinstreet's spam. Quinstreet will be unable to show that Ferguson's statements did anything other than state the obvious, and repeat Quinstreet's well earned reputation as a spammer, and Ferguson's opinion that their spam violates the law.

Nevertheless, despite the fact that Quinstreet is a spammer, and the fact that Quinstreet has a well earned reputation as a spammer, independent of any statements made by Ferguson, Quinstreet has continued to prosecute its unsupportable claims, the very definition of a frivolous action. Quinstreet pursues this action for no other reason than to vexatiously impose the costs of litigation on Ferguson.

It is also difficult to imagine how Quinstreet hopes to prevail on statements Ferguson made about Mr. Barber. Mr. Barber is not a party to this action. Even if Mr. Ferguson's statements about Mr. Barber were false, and therefore actionable, Quinstreet does not have standing to bring those claims. Any action based on statements made about Mr. Barber are personal to him, and may only be pursued by him. For Quinstreet to claim that statements about Mr. Barber should somehow be imputed to Quinstreet strains all credulity. In any event, the evidence will show that the statements about Mr. Barber are

**DEFENDANT MARK FERGUSON'S TRIAL BRIEF** -5
**QUINSTREET, INC. v. FERGUSON**

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

all true. In fact, he did lie to this Court. As long as Ferguson establishes that Mr. Barber lied once to this Court, then any nonspecific statements about Mr. Barber lying become true, establishing an absolute defense to such claims.

Ferguson will present evidence that Quinstreet is a "spammer" that sends, or causes to be sent, millions of spam emails, hundreds of which were received by Ferguson. This evidence will consist of the spam emails themselves, and publicly available records, obtained through independent research by Ferguson that show that the spam in question utilizes websites, domain names and IP addresses that are owned or controlled by affiliates acting as Quinstreet agents.

Ferguson will further present evidence that, at a minimum, these spam emails deliberately obfuscated the identity of the sender, do not contain physical addresses, used domains that were fraudulently registered, used domains that were created and registered using scripting, do not contain working unsubscribe mechanisms, or did not contain working unsubscribe mechanisms for the statutory period, and for each of these reasons therefore violate the substantive prohibitions of CAN SPAM Act. This evidence will again consist of the spam emails themselves, together with publicly available records that show that the domain names and IP addresses utilized by the spam in question and that are owned or controlled by affiliates acting as Quinstreet agents intentionally obfuscate the identity of the sender of the spam, and/or were fraudulently registered.

Ferguson will also present evidence consisting of transcripts of Mr. Ferguson's deposition testimony, sworn statements, and the filings from the prior lawsuit. This evidence will show that Quinstreet's prior lawyer, Stephen Barber, lied to this Court in filings he submitted in the prior lawsuit by materially misrepresenting statements made by Ferguson.

## Quinstreet's Burden To Prove Defamation

Quinstreet is apparently under the mistaken impression that it is Ferguson's burden to prove that Quinstreet's spam violates the CAN SPAM Act. However, it is a fundamental

**DEFENDANT MARK FERGUSON'S TRIAL BRIEF** -6
<u>**QUINSTREET, INC. v. FERGUSON**</u>

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

requirement of any claim for defamation that the Plaintiff must show that any allegedly defaming statements were actually false.  Unless the Plaintiff can show that the purportedly libelous statements were false, then the Plaintiff cannot establish the required elements for defamation.  To prevail on their claims, Quinstreet must therefore prove that Ferguson's statement that Quinstreet's spam violates the CAN SPAM Act was not true.  The burden of proof rests with Quinstreet.  Accordingly, Quinstreet must prove by a preponderance of the evidence that the spam they send out complies with each of the substantive provisions of the CAN SPAM Act set forth at 15 USC 7701 et seq.

To meet their burden of proof, Quinstreet must, at a minimum, prove ALL of the following to establish compliance with the CAN SPAM Act, 15 USC § 7704:

1)Quinstreet must prove that their spam did not contain, or was not accompanied by, header information that is materially false or materially misleading. 15 USC § 7704(a((1).
2)Quinstreet must prove that their spam did not include an originating electronic mail address, domain name, or Internet Protocol address the access to which for purposes of initiating the message was obtained by means of false or fraudulent pretenses or representations.15 USC § 7704(a((1)(A).
3)Quinstreet must prove that the "from" line (the line identifying or purporting to identify a person initiating the message) in their spam accurately identifies the person who initiated the message.15 USC § 7704(a((1)(B).
4)Quinstreet must prove that the header information in their spam accurately identified the protected computer used to initiate the message because the person initiating the message did not knowingly use another protected computer to relay or retransmit the message for purposes of disguising its origin. 15 USC § 7704(a)(1)(C).
5)Quinstreet must prove that the person that initiated Quinstreet's spam did not have actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that a subject heading of the message would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message. 15 USC § 7704(a)(2)
6)Quinstreet must prove that all of Quinstreet's spam contained a functioning return electronic mail address or other Internet-based mechanism, clearly and conspicuously

**DEFENDANT MARK FERGUSON'S TRIAL BRIEF** -7
<u>QUINSTREET, INC.  v. FERGUSON</u>

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

displayed, that a recipient may use to send a reply electronic mail message or other form of Internet-based communication requesting not to receive future commercial electronic mail messages from that sender at the electronic mail address where the message was received.(15 USC 7704(a)(3))

7)Quinstreet must prove that the Internet-based mechanism in their spam remained capable of receiving such messages or communications for no less than 30 days after the transmission of the original message. (15 USC 7704(a)(3))

8)Quinstreet must prove that all of Quinstreet's spam included a clear and conspicuous identification that the message is an advertisement or solicitation.(15 USC 7704(a)(5)(i))

9)Quinstreet must prove that all of Quinstreet's spam included clear and conspicuous notice of the opportunity to decline to receive further commercial electronic mail messages from the sender.15 USC § 7704(a)(4).

10)Quinstreet must prove that all of Quinstreet's spam included a valid physical postal address of the sender.(15 USC 7704(a)(5)(A)(iii) )

11)Quinstreet must further prove that the electronic mail address of the recipient(s) of their spam, including Ferguson, were not obtained using an automated means. 15 USC § 7704(a)(6)(B)(1)(a)(i)

12)Finally, Quinstreet must prove that their emails are not sent from domains which used scripts or other automated means to register for multiple domains, electronic mail accounts or online user accounts from which to transmit to a protected computer, or enable another person to transmit to a protected computer, a commercial electronic mail message that is otherwise unlawful in violation of 15 USC 7704(b)(2).

Quinstreet bears the burden of proving Ferguson's statements are false. A violation of any one of the referenced substantive provisions of the statutes would defeat such a claim. Quinstreet will not be able to meet this burden. Quinstreet has set forth no evidence in the Agreed Pre-Trial Order that could possibly establish their compliance with the CAN SPAM Act. In the Agreed Pre-Trial Order, Quinstreet identifies no witnesses or exhibits that will be used to establish that the spam they send complies with the CAN SPAM Act. If Quinstreet fails to show that their spam complies with the CAN SPAM Act, then they cannot show that Ferguson's statements to the contrary are "false."

**DEFENDANT MARK FERGUSON'S TRIAL BRIEF** -8
**QUINSTREET, INC. v. FERGUSON**

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

In the Agreed Pre-Trial Order, Quinstreet has only identified witnesses that will testify about damage to Quinstreet's reputation. Quinstreet has not identified a single witness who will testify about the specifics of any of their spam. Quinstreet is apparently under the mistaken impression that it is Ferguson's burden to prove that Quinstreet's spam violates the CAN SPAM Act. Quinstreet has apparently further convinced itself that Ferguson will not be able to do so. Quinstreet is mistaken on both counts.

In the first instance, when Quinstreet fails in their case in chief to submit any direct evidence whatsoever establishing that their spam is in compliance with the CAN SPAM Act, Ferguson will move for a directed verdict, and the case will be over. If Quinstreet cannot establish that their spam complies with the CAN SPAM Act, then they cannot meet their burden of proving Ferguson's statements were "false."

If, for whatever reason, the case is allowed to continue to Mr. Ferguson's defense, Mr. Ferguson's testimony and exhibits will then conclusively establish that Quinstreet's spam does violate the CAN SPAM Act, and that therefore his statements are true. At that point the case will be over. Truth is an absolute defense to any claim of defamation.

However, even if the fact finder somehow concludes Ferguson's testimony and evidence fail to show that Quinstreet's spam violates the CAN SPAM Act, they will nevertheless show that Ferguson's statements do not meet the requirements for defamation.

Even if the Court or the Jury does not agree with the conclusions Mr. Ferguson drew related to violations of the CAN SPAM Act in Quinstreet's spam, Quinstreet must still prove remaining essential elements of a claim for defamation by libel. Quinstreet must therefore prove:

1)That Ferguson, by writing or printing, made a false and defamatory statement about the plaintiff;
2)That Ferguson published the defamatory statement; and
3)That Ferguson:
a.      knew the statement was false when he made it, and defamed plaintiff; or

**DEFENDANT MARK FERGUSON'S TRIAL BRIEF** -9
**QUINSTREET, INC. v. FERGUSON**

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

b. published the statement in reckless disregard of whether the matter was false and defamed plaintiff; or

c. acted negligently in failing to learn whether the matter published was false and defamed plaintiff;

Quite simply, Quinstreet will never be able to prove any of these latter elements. Quinstreet will never show that Ferguson had "actual knowledge" that his statements were false. Quinstreet will never show that Ferguson "recklessly disregarded whether his statements were false." Finally, Quinstreet will never show that Ferguson acted "negligently" for "failing to learn whether the matter published was false." Quinstreet will never be able to clear these hurdles because the evidence will show the exact opposite.

The evidence will show that long before Ferguson made any statements about Quinstreet's spam, Ferguson carefully examined both Quinstreet's spam and the relevant portions of the CAN SPAM Act. The evidence will show that it was only after spending hours investigating Quinstreet's spam and the relevant public records that Ferguson drew the conclusion that Quinstreet's spam violated the CAN SPAM Act.

While it may be at least conceivable that the Court or the Jury may come to a different conclusion than Ferguson did with respect to Quinstreet's violation of the CAN SPAM Act, as a result of Ferguson's thorough investigation and analysis, there is no credible argument whatsoever that Ferguson "recklessly disregarded" whether his statements were false, "acted negligently" in failing to learn whether the matter published was false, or "acted with actual knowledge" that his statements were false."

The evidence will show that Ferguson went to great lengths to investigate Quinstreet's spam. Mr. Ferguson will testify as to very specific reasons that his analysis reached the conclusion that Quinstreet's spam violated the CAN SPAM Act. Thus, Mr. Ferguson's testimony will show that it was only after investigating Quinstreet's spam, learning the facts related to it, performing a careful analysis, and concluding that the spam contained

**DEFENDANT MARK FERGUSON'S TRIAL BRIEF** -10
<u>QUINSTREET, INC. v. FERGUSON</u>

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

violations of the Act did Mr. Ferguson publish statements indicating Quinstreet was a spammer and that their spam violated the CAN SPAM Act.

Mr. Ferguson's statements unquestionably represented his opinion about what he believed to be true at the time, and were only made after a very thorough and careful analysis.  Accordingly, even if the finder of fact disagrees with the conclusions Mr. Ferguson drew in his analysis, Mr. Ferguson's conduct can not be characterized as "willful", "reckless", or "negligent.", as the statements were based upon Mr. Ferguson's informed opinion.

**Opinion or Fact - Question of Law.**  Whether an allegedly defamatory statement is one of opinion or fact is a question of law. GARDNER v. MARTINO 563 F.3d 981 (Fed. 9th Cir. 2009), citing: Slover v. Or. Bd. of Clinical Soc. Workers, 144 Or.App. 565, 927 P.2d 1098, 1100 (1996).

Mr. Ferguson believed the statements were true at the time that he made the statements, and he continues to believe that they are true statements to this day.  He drew his conclusions as a result of his very careful research and analysis.  Once Mr. Ferguson has testified about the level of detail and care that went into his analysis, Quinstreet will never be able to show the essential element of "willful", "reckless", or "negligent" conduct necessary to sustain a claim for defamation by libel.  This is true regardless of whether anyone agrees with Mr. Ferguson's analysis or the conclusions that he ultimately drew.

**Quinstreet's Burden Re: Interference With Prospective Economic Advantage**

The elements of interference with prospective economic advantage resemble those of intentional interference with contract. They are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the

**DEFENDANT MARK FERGUSON'S TRIAL BRIEF** -11
**QUINSTREET, INC.  v. FERGUSON**

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

defendant."

Quinstreet cannot prove elements 3, 4 or 5. In the Agreed Pre-Trial Order, Quinstreet has only identified witnesses that will testify about damage to Quinstreet's reputation about how Quinstreet's "damaged" reputation has caused them to "lose specialized and talented candidates". Accordingly, Quinstreet does not even propose to offer evidence of the existence or actual disruption of any actual economic relationship between Quinstreet and any Third Party. If Quinstreet's claim is simply that they "lost specialized and talented candidates" in the field of sending spam as a result of Ferguson's statements, and the finder of fact somehow can be persuaded that Quinstreet had an "actual" economic relationship, as opposed to a prospective economic relationship, with these unidentified candidates, Quinstreet's claims will still fail. Quinstreet will never be able to show that Ferguson had knowledge of any supposed relationship between Quinstreet and these unidentified candidates, about whom Ferguson had no knowledge.

## Conclusion

It is clear that Plaintiff does not even come close to possessing the evidence necessary to prove the elements of their claims. Plaintiff's claims are insupportable, and their case is frivolous in the extreme. At the conclusion of the trial, Mr. Ferguson will move for an order awarding Mr. Ferguson attorney fees under FRCP 11 and RCW 4.24.350

**RESPECTFULLY SUBMITTED this 9th day of October, 2009.**

| i.JUSTICE LAW, P.C. | DOUGLAS E. MCKINLEY, JR |
| --- | --- |
|  | Attorney at Law |
| /S/ Robert J. Siegel | /S/ Douglas E. McKinley, Jr. |
| Robert J. Siegel, WSBA #17312 | Douglas E. McKinley, Jr.,WSBA#20806 |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

**DEFENDANT MARK FERGUSON'S TRIAL BRIEF** -12
**QUINSTREET, INC. v. FERGUSON**

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2009, I electronically filed the attached document with the Clerk of the Court using the CM/ECF, which will provide notice to all counsel of record herein.

**/s/ Robert J. Siegel**
Robert J. Siegel, WSBA#17312

**DEFENDANT MARK FERGUSON'S TRIAL BRIEF** -13
**QUINSTREET, INC. v. FERGUSON**

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299